James Neil **NESBETT**, Petitioner,

v.

*George H.* **NESBETT,** *Jr.,* **Respondent.**

No. B–718.

Supreme Court of Texas.

May 22, 1968.

Lee S. Bane, Dallas, for petitioner.

Billings, Pierce, Gilley & Stanton, Charlie R. Wise, Dallas, for respondent.

## PER CURIAM.

We dismiss petitioner's application for writ of error for want of jurisdiction.

George H. Nesbett, Sr. and wife Jean executed a joint will which was offered for probate by Jean on the death of her husband. Jean took as a beneficiary under the will, and later made a new will which was contrary to the joint will of her and her husband. Upon the death of Jean Nesbett, George H. Nesbett, Jr., offered for probate the second will under which George, Jr., was sole beneficiary. James Neil, the Petitioner herein, and a beneficiary under the joint will of Jean and her husband, contested probate of this second will of Jean and offered for probate the joint will of her and her husband as her last will. It is petitioner's contention that the joint will was mutual and contractual in nature and, therefore, was irrevocable. The probate court admitted the second will of Jean to probate, and denied the probate of the joint will as the last will of Jean. On appeal to the district court, that court, likewise, admitted the second will to probate and denied the probate of the joint will. Petitioner appealed to the court of civil appeals which affirmed the judgment of the district court. That court based its holding upon its conclusion that the joint will of George H. Nesbett, Sr., and his wife Jean was not mutual and contractual. 422 S.W.2d 746.

Petitioner in his application for writ of error to this Court asserts jurisdiction only under Vernon's Tex.Civ.Stat.Ann., Art. 1728, § 2, and states that the holding of the court of civil appeals is in conflict with Murphy v. Slaton, 154 Tex. 35, 273 S.W. 2d 588 (1954); Wilke v. Thomas, 295 S.W. 2d 283 (Tex.Civ.App.—1956, writ ref'd).

There was no question as to competency, execution, witnessing and proof of the wills—and since there was no question but that the second will provided for revocation of the joint will, the probate court and the district court had no alternative but to admit the second will to probate rather than the joint will, without regard as to whether the joint will was mutual and contractual. It appears then that the holding by the court of civil appeals, which is attacked by petitioner, was immaterial to its decision affirming the district court. Therefore, even though such holding should be in conflict with the above cited cases we do not have jurisdiction under said article 1728, § 2. Such a question is not only immaterial but the courts below did not have jurisdiction to determine whether or not the joint will was mutual and contractual. Huston v. Cole, 139 Tex. 150, 162 S.W.2d 404 (1942). See also, Weidner v. Crowther, 157 Tex. 240, 301 S.W.2d 621 (1957).

Our disposition of this case, therefore, is without prejudice to the rights of petitioner to file a proper suit in the district court to determine his rights, if any, under the contract which he alleges resulted in the execution of the joint will of George Nesbett, Sr., and his wife Jean.