C. R. TIPS et al., Petitioners,

v.

Mary Jane YANCEY et al., Respondents.

No. B–720.

Supreme Court of Texas.

June 5, 1968.

**764**

Odeneal & Odeneal, William C. Odeneal, Jr., Dallas, for petitioner.

Turner, Hitchins, McInerney, Webb & Hartnett, James J. Hartnett, Dallas, for respondent.

PER CURIAM.

On May 25, 1963, David R. Smith and his wife, Johnnie Mayes Morris Smith, executed a joint will. The wife died on August 17, 1965, and on application by David R. Smith, the will was admitted to probate. On October 16, 1965, David R. Smith made a new will with different beneficiaries from that of the 1963 will. He died on November 3, 1965. Mary Jane Yancey made application for the probate of the 1963 will under which she asserted rights as an executrix and beneficiary. C. R. Tips made application for the probate of the 1965 will. Each contested the other's application. The probate court admitted the 1965 will to probate as the testator's last unrevoked will.

Mary Jane Yancey appealed from the order which denied the probate of the 1963 will and granted the probate of the 1965 will. She also filed a separate suit in the district court wherein she asserted that the 1963 will was mutual and contractual in nature. By agreement, the parties consolidated that suit with the appeal from the probate court. The district court rendered a summary judgment holding (1) the 1963 will to be joint and mutual, for which reason (2) the 1963 will was admitted to probate, and (3) the 1965 will was denied probate.

 The court of civil appeals reversed the judgment below because it was of the opinion that the meaning of the 1963 will was so ambiguous that a summary judgment should not have been rendered. That court remanded the case for trial. This was a correct judgment. However, implicit in the opinion of the court of civil appeals and also the judgment of the district court is the erroneous conclusion that if the 1963 will was mutual and contractual, it necessarily defeated the probate of the 1965 instrument as testator's last will. Whether an instrument should be admitted to probate as an unrevoked last will is the matter for determination in an application for probate of a will. That decision is made by determining "whether it had been revoked, whether it was executed in the manner and conditions required by law, and whether the maker had testamentary capacity and was not under undue influence (if raised) when it was executed." Huston v. Cole, 139 Tex. 150, 162 S.W.2d 404 (1942). In the district court neither the proponent of the 1963 will nor the proponent of the 1965 will offered the proof required for the probate of a will. Section 88, Probate Code, Vernon's Ann.Tex.Stats.

The district court consolidated the probate appeal with Mary Jane Yancey's separate suit to enforce the 1963 will as a mutual and contractual will. The issues in the two causes are different. A more orderly procedure would be to try separately the issues arising out of the applications for the probate of the wills and for the trial court to enter a separate judgment in that matter. If, on retrial, the court should conclude that the 1965 instrument meets the legal requirements for a will, it should be admitted to probate without regard to the existence of a prior mutual and contractual will. Nesbett v. Nesbett, 428 S.W.2d 663 (Tex.Sup.1968). The admission to probate of the 1965 instrument, or the denial of the second probate of the 1963 will does not defeat any rights of beneficiaries under the 1963 will if they prove the 1963 will was mutual and contractual. Although a survivor may technically revoke his joint and mutual will, the beneficiary under such will has a cause of action, and as this court held in Weidner v. Crowther, 157 Tex. 240, 301 S.W.2d 621 (1957), may come into court and enforce his rights. Murphy v. Slaton, 154 Tex. 35, 273 S.W.2d 588 (1954); Young, The Doctrinal Relationships of Concerted Wills and Contracts, 29 Tex.L.Rev. 439 (1951).

On retrial, the district court should separately try and determine which will should be admitted to probate as the last will, and should separately determine whether the 1963 will was mutual and contractual. The causes should not be consolidated except for trial purposes only, and separate judgments should be entered in each cause. Colden v. Alexander, 141 Tex. 134, 171 S.W.2d 328 (1943); Gunlock v. Greenwade, 280 S.W.2d 610, 616 (Tex.Civ. App.1955, writ ref. n. r. e.).

We refuse the application for writ of error, no reversible error. Rule 483, Tex. Rules of Civil Procedure.