JOHN H. PELT COMPANY, INC.,
Appellant,

v.

AMERICAN CASUALTY COMPANY OF
READING, PENNSYLVANIA,
Appellee.

No. 18342.

Court of Civil Appeals of Texas,
Dallas.

June 6, 1974.

Rehearing Denied July 8, 1974.

Mike M. Tabor, Blanchette, Shelton & James, Dallas, for appellant.

James A. Knox, Akin, Vial, Hamilton, Koch & Tubb, Dallas, for appellee.

GUITTARD, Justice.

John H. Pelt Company, Inc., a building contractor, sued American Casualty Company for damages resulting from defendant's repudiation of a purported performance and payment bond ostensibly executed by defendant as surety, but which defendant alleges to be a forgery. The suit was filed within two years after the repudiation, but plaintiff amended its petition more than two years after the repudiation and alleged different grounds of liability. Defendant moved for summary judgment on the ground that the cause of action alleged in the amended petition is barred by the two-year statute of limitation, Tex.Rev. Civ.Stat.Ann. art. 5526 (Vernon 1958), and also by the Statute of Frauds, Tex.Bus. & Comm.Code Ann. § 26.01(b)(2) (Vernon 1968). The trial court sustained the motion for summary judgment on the sole ground of limitation, and plaintiff appeals. We reverse because we hold that neither of the defenses specified in the motion is established as a matter of law.

### Limitation

The statutory test of whether limitation bars a cause of action alleged in an amended petition in a case originally filed

before expiration of the limitation period is whether the amended petition is "wholly based upon and grows out of a new, distinct or different transaction and occurrence." Tex.Rev.Civ.Stat.Ann. art. 5539b (Vernon 1958). It is immaterial that the later pleading asserts a different cause of action. Leonard v. Texaco, Inc., 422 S. W.2d 160, 163 (Tex.1967).

█ Defendant argues that the amended petition here is wholly based on a "new, distinct or different transaction and occurrence" because the wrongs alleged in the two petitions occurred at different times and different damages flow from them. As defendant points out, the original petition alleges that a valid bond was issued by defendant in June 1967, before the construction project began, and was repudiated by defendant in August 1968, when the project was nearing completion, whereas the amended petition alleges that in June 1967 defendant breached an implied promise to provide a valid bond and that about the same time its agent made fraudulent representations concerning the purported bond delivered to plaintiff. We find, however, that the amended petition is not based wholly on a breach of promise and fraudulent representations alleged to have occurred in June 1967. The gravamen of plaintiff's complaint in the amended as well as the original pleading is defendant's repudiation of the purported bond in August 1968. The original petition alleges this repudiation to be a breach of a valid bond and the amended petition alleges it to be a breach of defendant's "implied promise and obligation to furnish the final bond necessary under the Forest Dale construction contract." In both pleadings the damages alleged are essentially the same, namely, expenses incurred and profits lost because of plaintiff's inability to proceed with the project when the owner of the project suspended interim payments on learning of defendant's repudiation of the purported bond. Thus, the cause of action alleged in the amended petition "is not wholly based upon and grows out of a new, distinct or different transaction and occurrence" and, consequently, it is saved from limitation by article 5539b.

█ Moreover, if the amended petition is construed as alleging that the wrong occurred in 1967 rather than in 1968, as alleged in the original petition, the plea of limitation still is not established. A "transaction and occurrence," as that expression is used in article 5539b, is not limited to one point in time, but may embrace a course of dealing between the parties. Nacim v. Ibarra, 310 S.W.2d 388, 393 (Tex.Civ.App.—El Paso 1958, writ ref'd n. r. e.). Here the entire course of dealing concerning the purported bond, which plaintiff relied on in connection with the Forest Dale project and which defendant refused to recognize, is the "transaction and occurrence" alleged in the amended as well as in the original petition.

### Statute of Frauds

By cross-point defendant argues the Statute of Frauds as an alternative ground for upholding the summary judgment and asserts that the trial court erred in failing to base its judgment on this additional ground. Under this cross-point defendant argues that the alleged implied promise could only be construed as a promise to act as plaintiff's surety on a construction contract and that such a promise would be a promise to answer for the debt of another, which could not be enforced in absence of a written memorandum under Tex.Bus. & Comm.Code Ann. § 26.01(b)(2) (Vernon 1968).

█ We overrule this cross-point because the suit is not one to hold defendant liable as surety for the debt of plaintiff as its principal. Rather it is a suit for breach of an implied promise to furnish a bond which would have been in compliance with

the Statute of Frauds. An oral promise to sign and deliver a written contract which would comply with the Statute of Frauds may be enforced on the theory of promissory estoppel. "Moore" Burger, Inc. v. Phillips Petroleum Co., 492 S.W.2d 934, 940 (Tex.1972); Cooper Petroleum Co. v. LaGloria Oil and Gas Co., 436 S.W.2d 889, 896 (Tex.1969); 21 Turtle Creek Square, Ltd. v. New York State Teachers' Retirement System, 432 F.2d 64 (5th Cir. 1970), cert. denied, 401 U.S. 955, 91 S.Ct. 975, 28 L.Ed.2d 239 (1971); Restatement of Contracts § 178, Comment f (1932). Plaintiff insists that promissory estoppel is raised by the allegation in the amended petition that plaintiff relied to its detriment on defendant's implied promise to furnish a valid bond and on the silence of defendant's authorized agent after he had reason to suspect that a bond purporting to have been issued by defendant was outstanding. We do not pass on the question of whether these allegations are sufficient to raise promissory estoppel. We regard the above authorities as supporting the more general principle that the Statute of Frauds does not bar a suit like the present for damages for breach of a promise to deliver a document which would comply with the Statute, as distinguished from a suit to enforce a promise that would have been contained in the document itself. Consequently, we hold that the trial court correctly overruled this ground of defendant's motion for summary judgment.

Moreover, defendant makes no attempt to show how the Statute of Frauds defense would apply to plaintiff's claim of fraudulent representations.

Although the summary judgment must be reversed for the reasons stated, the reversal should not be understood as indicating any opinion as to whether the facts stated in the amended petition are sufficient for recovery on the ground of breach of implied promise, fraud, or any other theory alleged in the amended petition. The only questions raised in the motion for summary judgment, and, therefore, on this appeal, are limitation and the Statute of Frauds.

Reversed and remanded.