**Lacy H. HUNT, II, Appellant,**

v.

**Earlene KNOLLE, Individually and as Executive of Estate of Ruby K. Hunt, et al., Appellees.**

**No. 995.**

Court of Civil Appeals of Texas, Tyler.

May 5, 1977.

Rehearing Denied June 9, 1977.

M. M. Stripling, Stripling & Sutton, Nacogdoches, Shannon H. Ratliff, McGinnis, Lochridge & Kilgore, Austin, for appellant.

S. Moss Adams, Jr., Nacogdoches, James S. Robertson, Jr., Charles F. Potter, Potter, Guinn, Minton & Dickerson, Tyler, Marion G. Holt, Holt, Tatum & Meehan, Nacogdoches, John G. Payne, Pye & Dobbs, Tyler, W. James Murdaugh, Jr., Asst. Atty. Gen., Austin, for appellees.

DUNAGAN, Chief Justice.

This is a contest of the appointment of the independent executrix under the will of Ruby K. Hunt, deceased. Lacy H. Hunt, II (hereafter called appellant) brought suit initially contesting the probate of the last will of Ruby K. Hunt, deceased, and also contesting the right of Earlene Knolle to be named as independent executrix under said will. Thereafter appellant amended his pleadings withdrawing his contest of the probate of the will, but reserved his contest of the right of Earlene Knolle to be named independent executrix. Appellant seeks to be named independent executor in her place. For clarity, we shall refer to Earlene Knolle as appellee.

This case is companion to Cause No. 1,000 this day decided, Tex.Civ.App., 551 S.W.2d 755, styled *Earlene Knolle, Individually and as Independent Executrix of the Estate of Ruby K. Hunt, et al., appellants v. Lacy H. Hunt, II, et al., appellees.* Both this cause and Cause No. 1,000 involve the conflict between a prior joint, mutual and contractual will executed by a husband and wife and a subsequent will executed by the surviving spouse. Cause No. 1,000 is a case involving the rights of beneficiaries under the joint, mutual and contractual will. For a complete fact statement applicable to both cases, refer to our opinion in Cause No. 1,000. In addition to that fact statement, we feel it helpful to this, our separate opinion under Cause No. 995, to state the following.

Under the 1969 joint, mutual and contractual will executed by Lacy and Ruby Hunt appellant was named to be appointed independent executor of the estate of the survivor upon the survivor's death. Lacy Hunt was the first to die, and Ruby Hunt as the survivor probated the 1969 will and, according to the will, was appointed independent executrix of her husband's estate. Ruby Hunt made a new will in 1973 revoking all her prior wills and naming her sister, Earlene Knolle, appellee, as independent executrix. Upon Ruby Hunt's death in 1974, appellee made application to probate the 1973 will in the County Court of Nacogdoches County seeking appointment as independent executrix and letters testamentary. Appellant contested this application and sought to probate the 1969 joint, mutual and contractual will a second time. Appellant, pursuant to the terms of the 1969 will, also sought appointment as independent executor thereby contesting appellee's right to appointment. The County Court transferred the contested proceeding to the 145th Judicial District Court.

Appellant thereafter filed his "Second Amended Petition for Appointment of Executor" stating that he no longer desired "to contest the application to probate the May 31, 1973, will" and thereby abandoned his contest "to the extent, preserving, however, his contest of the right of Earlene Knolle to appointment as Independent Executrix of the will and estate of Ruby K. Hunt."

In conjunction with the above pleading appellant contends that the death of Lacy Hunt, and the probate of the 1969 will under which Ruby Hunt took as sole beneficiary, resulted in the fact that Ruby Hunt could not effectively revoke the provision in the 1969 will appointing him (appellant) as independent executor upon the death of the survivor, and that appellee was estopped to contend otherwise. Appellant also plead that "In spite of the execution of the second [1973] will, and regardless of the validity and probate thereof, contestant [appellant] is entitled to enforce the contractual provision of the joint and mutual will and is entitled to appointment as Independent Executor of the will and estate of Ruby K. Hunt, deceased."

The trial court entered its judgment admitting the 1973 will to probate, and further held that appellee Earlene Knolle was named in the 1973 will as independent executrix, that appellee was duly qualified and not disqualified by law to act as independent executrix and to receive letters testamentary. The court thereby appointed appellee independent executrix, and provided that on the taking of oath, she receive letters testamentary.

Appellant brings one point of error, alleging that the trial court erred in appointing appellee independent executrix because appellant was named executor in the 1969 joint, mutual and contractual will. In reply, appellee asserts that the court's action was not error.

We affirm.

■ Concerning a subsequent will executed by the survivor of two parties which revokes a prior joint, mutual and contractual will executed by both of said parties, where there is no question as to the competency, execution, witnessing and proof of the subsequent will, the probate court and district court have no alternative but to admit the subsequent will to probate rather than the joint will, "without regard as to

whether the joint will was mutual and contractual." *Nesbett v. Nesbett,* 428 S.W.2d 663 (Tex.Sup. 1968). Also see: *Tips v. Yancey,* 431 S.W.2d 763 (Tex.Sup. 1968). "If the same document contains both the will and the contract, 'it is the contractual portion of the will and not the will itself which is irrevocable.' " *Magids v. American Title Ins. Co., Miami, Fla.,* 473 S.W.2d 460 (Tex. Sup. 1971). Once the subsequent will is admitted to probate, the beneficiaries under the joint will must bring an action in equity to enforce their rights under the joint will and prove that the joint will was mutual and contractual in nature. *Tips v. Yancey, supra.*

Since the 1969 will was technically revoked by the 1973 will, appellant withdrew his contest of the probate of the 1973 will. Appellant along with other beneficiaries under the 1969 joint will filed a separate suit to enforce their rights under the 1969 will. The 1969 joint will was ultimately determined to be mutual and contractual, as we so held in Cause No. 1,000. This case, however, deals with the right to be appointed independent executor or executrix, as the case may be. We have researched to no avail for other cases on point and feel that this is a question of first impression.

■ The office of independent executor is inherently an administrative office. It is an office that eliminates to a considerable degree judicial supervision of the administration of an estate. The statutes permit a testator to nominate a person as executor. Tex.Prob.Code Ann. sec. 77 (1956). It can also be provided that the executor may act independently of the probate court except for the probating of the will and the return of an inventory, appraisement and list of claims, and except where specifically provided otherwise by the Probate Code. Tex. Prob.Code Ann. sec. 145 (Supp.1976). The purpose of this office is "to free an estate of the often onerous and expensive judicial supervision . . ., and in its place, to permit an executor, free of judicial supervision, to effect the distribution of an estate with a minimum of cost and delay." *Cor-*

*pus Christi Bank & Trust v. Alice Nat'l. Bank,* 444 S.W.2d 632 (Tex.Sup. 1969).

■ The person first named as executor in the will of the deceased is given priority in the granting of letters testamentary, providing that person is qualified. Tex.Prob.Code Ann. sec. 77 (1956). There is no question but that appellee is qualified to serve as independent executrix, as there has been no finding to the contrary. Tex.Prob. Code Ann. sec. 78 (Supp. 1976). The 1973 will named appellee as independent executrix and then provided "but in the event of the death, resignation, incapacity, failure or refusal to qualify or serve of the said EARLENE KNOLLE, then I appoint LACY HUNT, II, Independent Executor, without bond." Appellee has done nothing specified in the will that could bring appellant's alternate appointment into effect. Thus, her application and appointment had priority according to statute and according to the 1973 will. Appellant has no present right to be appointed under the 1973 will. According to the provisions of the Probate Code, the court had no choice but to appoint the person first nominated in the will as independent executrix provided she was not disqualified or unsuitable.

However, appellant seeks appointment via an alleged equitable right to appointment under the 1969 joint, mutual and contractual will. This will has not been admitted in the probate of the estate of Ruby Hunt, and, according to *Nesbett v. Nesbett, supra,* should not be admitted. It was revoked by the 1973 will. Since the office of independent executor is solely a statutory creation by provisions of the Probate Code, there can be no "equitable" independent executor. There may be an "equitable" right to be appointed independent executor, but, if it cannot be enforced by statutory provision, we fail to see how it can be enforced at all other than through a judicially supervised regular administration.

A full reading and research of all applicable sections in the Probate Code leaves us no choice but to hold that an independent administration can only be allowed by the courts when it is provided for by a valid

will admitted to probate that effectively meets statutory requisites for the creation of an independent administration.

Judgment affirmed.