H. B. JONES, Elmer Lee Jones and Johnny J. Jones, Appellants,

v.

Betty CHAMBERLAIN and Juliette Fowler Home, Appellees.

No. 8536.

Court of Civil Appeals of Texas, Texarkana.

March 28, 1978.

Leighton R. Cornett, Cornett, Echols & Biard, Paris, for appellants.

James Chapman, Sulphur Springs, for appellees.

ODEN, Justice.

On April 25, 1962, R. L. Lindley and his wife, Pearl Lindley, executed a joint will. In 1969, R. L. Lindley died and, on application by Pearl Lindley, the instrument was admitted to probate as the last will of R. L. Lindley. On June 3, 1975, Pearl Lindley executed a new will under the expressed terms of which all former wills executed by her were revoked. Pearl Lindley died on November 29, 1975. Appellants, H. B. Jones, Elmer Lee Jones and Johnny J. Jones, as beneficiaries, filed an application in the County Court of Hopkins County to probate the 1975 will. Betty Chamberlain filed an application in the County Court of Hopkins County to probate the 1962 will. Betty Chamberlain and Juliette Fowler Home were beneficiaries under the 1962 joint will. Each contested the other's application. Betty Chamberlain and Juliette Fowler Home alleged that the 1975 will should not be admitted to probate because the 1962 joint will was mutual and contractual. H. B. Jones, Elmer Lee Jones and Johnny J. Jones denied the existence of a contract which resulted in the execution of the 1962 joint will and alleged that the 1962 will was revoked by the 1975 will. Both cases were transferred to the Hopkins County District Court and were therein consolidated for trial. The District Court admitted the 1962 will to probate as the last will of Pearl Lindley. Based on its finding that the 1962 joint will was mutual and contractual, the District Court refused to admit the 1975 will to probate as the last will of Pearl Lindley. The only point of error presented for our consideration is whether or not the District Court erred in admitting the 1962 will to probate and refusing to admit the 1975 will to probate as the last will of Pearl Lindley. We think it did.

There was no question as to competency, execution, witnessing and proof of the 1975 will. There was no question but that the 1975 will provided for revocation of the 1962 will. The District Court had no alternative but to admit the 1975 will to probate rather than the 1962 will. *Nesbett v. Nesbett*, 428 S.W.2d 663 (Tex.1968). The finding that the 1962 joint will was mutual and contractual will not defeat the probate of the 1975 will as Pearl Lindley's last will. *Tips v. Yancey*, 431 S.W.2d 763 (Tex.1968). Such a finding is not only immaterial but in a proceeding such as this neither this Court

nor the court below has jurisdiction to determine whether or not the 1962 joint will was mutual and contractual. *Nesbett v. Nesbett*, supra. When a will is offered for probate, the court's jurisdiction with respect to the application is limited to a determination of whether or not the will should be admitted to probate as the last will of the decedent. *Huston v. Cole*, 139 Tex. 150, 162 S.W.2d 404 (1942). The determination of whether or not a will is mutual and contractual is not a matter incident to an estate as that term is used in Section 5, Tex.Probate Code Ann. It is a suit on a contract.

■ Our disposition of the case is without prejudice to the rights of appellees, Betty Chamberlain and Juliette Fowler Home, to file suit in a court of competent jurisdiction to determine their rights, if any, under the alleged contract which gave rise to the execution of the 1962 joint will by R. L. Lindley and his wife, Pearl Lindley. *Nesbett v. Nesbett*, supra.

The judgment of the trial court is reversed and judgment is here rendered that the 1975 will be admitted to probate as the last will of Pearl Lindley.