**H.B. JONES, Elmer Lee Jones and Johnny J. Jones, Appellants,**

v.

**Betty CHAMBERLAIN and Juliette Fowler Homes, Inc., Appellees.**

No. 9542

Court of Appeals of Texas, Texarkana.

May 12, 1987.

Rehearing Denied June 2, 1987.

James R. Rodgers, Lovett & Rodgers, Paris, for appellants.

Frank Bauer, Chapman, Price, Hughes & Bauer, Sulpher Springs, for Betty Chamberlain.

Marc W. Joseph, Carrington, Coleman, Sloman & Blumenthal, Dallas, for Juliette Fowler Homes.

BLEIL, Justice.

H.B. Jones, Elmer Jones, and Johnny J. Jones appeal from a summary judgment granted in favor of Betty Chamberlain and Juliette Fowler Homes, Inc. in an action for a declaratory judgment to construe a will. The trial court determined that the 1962 will of R.L. and Pearl Lindley was contractual and imposed a constructive trust on assets which had passed upon the death of Pearl Lindley. We agree with the trial court's determinations and affirm.

On April 25, 1962, R.L. Lindley and Pearl Lindley executed a joint will. That will provided that the survivor of the two would receive all of the other's property, and that upon the death of the survivor, the remaining estate would pass to Juliette Homes and Betty Chamberlain in equal shares. Later R.L. Lindley died and this will was admitted to probate. On June 3, 1975, Pearl Lindley executed a new will, devising her estate to her three nephews, H.B. Jones, Elmer Jones, and Johnny J. Jones. She died. Her 1975 will was admitted to probate.[1] Chamberlain brought this action to have the court declare the 1962 will to be contractual in nature and to impose a constructive trust on the assets received by the Joneses under the 1975 will. She obtained this relief in a judgment signed on April 12, 1985.

In an unpublished opinion dated January 26, 1986, we reversed that judgment and remanded the case for a new trial because the parties' inability to obtain a statement of facts precluded a proper determination of the issues raised. On remand, Juliette Homes intervened. In October 1986, the trial court heard and granted motions for summary judgment filed by Chamberlain and Juliette Homes. This appeal is brought from that summary judgment.

The Joneses, in their sole point of error, argue that the trial court erred in granting a summary judgment in favor of Juliette Homes because a fact question existed concerning whether laches barred Juliette Homes's claim. Ordinarily, in reviewing summary judgments, we follow certain standards: (1) the movant has the burden to show that there is no issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue, we take as true evidence favorable to the nonmovant; and (3) every reasonable inference is indulged in favor of nonmovants and all doubts are resolved in their favor. *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589 (Tex.1975); Tex.R.Civ.P. 166–A.

The Joneses defended the summary judgment motions by claiming that Juliette Homes's claim is barred by laches. However, this claim was presented only in their brief in opposition to the motion for sum-

---

1. In a will contest between the Joneses and Chamberlain, the District Court of Hopkins County held that the 1962 will was controlling, admitted that will to probate, and refused to admit the 1975 will; this Court reversed and ordered the 1975 will probated. *Jones v. Chamberlain*, 563 S.W.2d 885 (Tex.Civ.App.—Texarkana 1978, no writ).

mary judgment. They put forward no summary judgment evidence to support this defense. Laches is an affirmative defense. Tex.R.Civ.P. 94. When an affirmative defense is propounded to oppose a summary judgment, the party setting forth the affirmative defense has the burden of putting forth evidence sufficient to raise an issue of fact with respect to that defense. *Life Ins. Co. of Virginia v. Gar-Dal, Inc.,* 570 S.W.2d 378 (Tex.1978).

The elements of laches are an unreasonable delay by one having legal or equitable rights in asserting those rights and a good faith change in position by another to his detriment because of the delay. *City of Fort Worth v. Johnson,* 388 S.W.2d 400 (Tex.1964); *De Benavides v. Warren,* 674 S.W.2d 353 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). The Joneses offered no proof as to any potential harm or change in position. Thus, they failed to establish one of the elements of laches. Because they failed to carry their burden of putting forth evidence to raise the defense of laches, the Joneses cannot prevail.

We affirm the trial court's judgment.