Linda Louise Witte KNESEK, et al., Appellants,

v.

Bonnie Sue WITTE, et al., Appellees.

No. 01–87–00535–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 21, 1988.

Richard Nuffer, Brenham, for appellants.

John B. Benton, Manitzas & Benton, San Antonio, Danny Dishough, Houston, for appellees.

Before LEVY, WARREN and DUGGAN, JJ.

## OPINION

LEVY, Justice.

This is an appeal from a judgment awarding title and possession of property to the beneficiaries of a husband and wife's 1975 contractual wills, made by the spouses pursuant to mutual agreement.

This case first came before this Court in 1986 and was the subject of *Knesek v. Witte*, 715 S.W.2d 192 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). We reversed the judgment of the trial court and remanded for a new trial, the result of which is now the subject of this appeal. Louise Witte ("Louise") was married to Roland Hoffmann ("Hoffmann") until his death in July, 1977. During their marriage, Louise owned an undivided ¼ interest in 44 acres of land, and Hoffmann owned the remaining undivided ¾ interest in the same property. In 1975, Louise and Hoffmann executed reciprocal wills. Each left all of his/her property to the other. The wills further provided that if Hoffmann predeceased her, Louise left her property to his nieces and nephews and one of her nieces; converse-

ly, if Louise predeceased him, Hoffmann left his property to the same persons.

Louise survived Hoffmann, and under his will, inherited his entire estate including his undivided ¾ interest in the 44 acres of land....

After Hoffmann's death, Louise remarried and, in 1978, she executed a second will, followed by a third will, which she executed in 1980. It is the 1980 will that was admitted to probate and construed in the court below.

After the 1980 will was admitted to probate, appellees (Hoffmann's nieces and nephews) brought suit for a declaratory judgment. They maintained that Louise's 1975 will was executed pursuant to an agreement between Louise and Hoffmann, and asked the court to impose a constructive trust upon the estate assets.

*Knesek*, 715 S.W.2d at 194–95.

In the first trial, the trial court refused to submit a requested special issue regarding contractual wills. We held on appeal in 1986 that the requested special issue should have been submitted to the jury, and reversed and remanded the case because it was not submitted.

Appellants assert in their first point of error that the trial court erred in not ruling as a matter of law that appellees' contractual will claim was barred by Tex.Prob.Code Ann. § 93 (Vernon 1980), which requires that a contest to the validity of a will must be instituted within two years of the date of the will's admission to probate.

However, this case is not an action to admit Louise's 1975 will to probate; rather, it is an action to discover whether Louise's and Hoffmann's 1975 wills were executed pursuant to a contract, and thus requiring the establishment of a constructive trust. In Texas, it is well settled that "the statute of limitations in a case involving a constructive trust does not begin to run until the beneficiary knew or should have known that he had a cause of action." *Kelley v. Kelley*, 575 S.W.2d 612, 618 (Tex.Civ.App. —San Antonio 1978, writ ref'd n.r.e.); *see*

*also Gause v. Gause,* 430 S.W.2d 409, 414 (Tex.Civ.App.—Austin 1968, no writ).

Rose Witte Hein, one of the beneficiaries under the 1975 will, testified that Louise's 1975 will was not discovered until "around the beginning of '85." Appellees' amended petition for declaratory judgment, asserting that Louise had executed the 1975 will and seeking the creation of a constructive trust, was filed on October 18, 1984.

It is apparent from the record that appellants did not delay in filing their cause of action seeking a constructive trust, and that they filed well within the statute of limitations that commenced to run in the fall of 1984, when appellees first knew or should have known that they had a cause of action.

■ However, even if their statute of limitations had not commenced in the fall of 1984, but rather had begun to run on September 8, 1982, when Louise's 1980 will was admitted to probate, appellants' suit to impress a constructive trust would still not be barred by limitations. Appellants filed their original petition for declaratory judgment on April 4, 1984, and, as stated, their amended petition for declaratory judgment was filed on October 18, 1984, more than two years after the will was admitted to probate.

Tex.Civ.Prac. & Rem.Code § 16.068 (Vernon 1986) provides:

> If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

*Id.*

Appellants' October 1984 filing merely added additional facts and an additional ground for recovery of the Hoffmann real property. It clearly does not arise out of a "new, distinct, or different transaction or occurrence." As stated in *Pelt v. American Casualty Co.,* 513 S.W.2d 128, 129–30 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r. e.):

> The statutory test of whether limitation bars a cause of action alleged in an amended petition in a case originally filed before expiration of the limitation period is whether the amended petition is "wholly based upon and grows out of a new, distinct or different transaction and occurrence." It is immaterial that the later pleading asserts a different cause of action.

*Id.* at 130 (cites omitted).

And, as the *Pelt* court also observed, the statutory terms "transaction and occurrence" are "not limited to one point in time, but may embrace a course of dealing between the parties." *Id.* Just such a situation is found in the case at bar. Appellees' contractual will claim was in no way barred by limitation.

Appellants' first point of error is overruled.

Appellants urge as their second point of error that the trial court erred in not ruling as a matter of law that appellees' contractual will claim was barred by laches.

■ Laches is an affirmative defense to be pleaded and proved by the defendant. *Culver v. Pickens,* 142 Tex. 87, 176 S.W.2d 167 (1943). The elements that must be established to prevail on a defense of laches are: (1) an unreasonable delay and (2) a disadvantage to the person raising the defense as a result of such delay. *Culver v. Pickens,* 176 S.W.2d at 170; *Jones v. Chamberlain,* 733 S.W.2d 276, 278 (Tex. App.—Texarkana 1987, no writ). As stated in *Jones v. Chamberlain:* "[t]he elements of laches are an unreasonable delay by one having legal or equitable rights in asserting those rights and a good faith change in position by another to his detriment because of the delay." 733 S.W.2d at 278 (cites omitted).

In raising their point of error, appellants have pointed to no evidence in the record to support their plea of laches.

■ After reviewing the record, we have been unable to discover evidence of any

delay by appellees in raising their claims, once they had reason to believe that there was a basis for such claims. Neither have we been able to find any evidence to suggest that there was a change in position by the appellants that would act to their detriment in the event that there had been any such delay. We conclude that the elements required for a finding of laches are not present in this case.

Appellants' second point of error is overruled.

Appellants aver in their third point of error that the trial court erred in entering judgment based upon the jury's answer to special issue no. 1 because there was insufficient evidence that Louise executed a will on September 29, 1975.

Special issue no. 1 inquired as follows: Do you find from clear and convincing evidence that Louise Hoffmann executed a will on September 29, 1975, containing the same provisions as Roland Hoffmann's will, except that Roland Hoffmann was referred to where Louise Hoffmann was named and referred to in his will?

The jury responded affirmatively to this special issue.

Appellants urge that there was no evidence that Louise's purported will met the requirements of the Texas Probate Code. Therefore, appellants assert, the document Louise allegedly executed in 1975 was an ineffectual testamentary disposition rather than a will. However, appellants overlook the fact that appellees offered proof of the 1975 will not for its admission to probate, but rather as evidence of an agreement in 1975, between Hoffmann and Louise, for mutual and contractual wills.

■ Proof that a will is contractual may be made by the "provisions of the will itself or by competent witnesses who testify to the agreement; and evidence as to declarations of the promisor, relations or conduct of the parties and other facts and circumstances, that tend to prove that an agreement was made, are admissible." *Nye v. Bradford,* 144 Tex. 618, 623, 193 S.W.2d 165, 168 (1946) (cites omitted). Parol testimony evidencing that mutual wills were executed pursuant to an agreement, when coupled with the provisions of the wills themselves, where such provisions are consistent with the theory that the wills were executed pursuant to a mutual agreement, is sufficient to support a jury finding that mutual contractual wills were executed between the parties. *See Pullen v. Russ,* 226 S.W.2d 876, 880 (Tex.Civ.App.—Fort Worth 1950, writ ref'd n.r.e.).

■ A signed copy of Hoffmann's 1975 will, and an unsigned copy of Louise's 1975 will, were admitted into evidence. The two wills were "mirror images" of each other, each disposing of the same property in exactly the same manner as the other.

Gladys Oakley, County Court at Law Judge for Austin County, Texas, testified that the unsigned copy of the will purporting to be that of Louise, which was admitted into evidence, was "a conformed copy of the will of Louise Hoffmann, which was signed in my office before me as the notary on the same day that Roland Hoffmann signed his will." Judge Oakley further testified that she witnessed the execution of the original by Louise, and that she was the notary on Roland Hoffmann's will as well as on Louise's. Judge Oakley also testified that Anita Machemehl and A.C. Machemehl, Jr., jointly witnessed the execution of both wills, but said that she did not know where the original of Louise's 1975 will was.

The issue, then, is whether the evidence before the jury was factually sufficient to support the jury's answer to special issue no. 1.

When considering a factual insufficiency point, we can set aside the verdict of the trial court only if we find, upon review of the record as a whole, that the verdict rendered was so contrary to the great weight and preponderance of the evidence as to be manifestly unjust.

*Penwell v. Barrett,* 724 S.W.2d 902, 905 (Tex.App.—San Antonio 1987, no writ) (cite omitted).

Applying the appropriate standard of review, we find the evidence sufficient to

support the jury's finding that Louise Hoffmann executed a will on September 29, 1975. That finding was adequately supported by the evidence and was not so contrary to the great weight and preponderance of the evidence as to be manifestly unjust.

Appellants' third point of error is overruled.

 Appellants assert in their fourth point of error that the trial court erred in admitting into evidence the statements made by Roland Hoffmann to Anita Machemehl, Herbert Schumann, and A.C. Machemehl, because such statements were irrelevant as to Louise Hoffmann Witte's intent and were hearsay for which no exception exists.

This issue was raised and disposed of by this Court in the first appeal of this case. In the first case of *Knesek v. Witte*, 715 S.W.2d at 192, 197, this Court stated that:

> Hoffmann's statements [to others] were offered to show a contract for wills. They are not hearsay under Rule 803(3) [1] and are admissible to show an oral contract for wills. Compare *Pullen v. Russ*, 226 S.W.2d 876 (Tex.Civ.App.—Fort Worth 1950, writ ref'd n.r.e.). Once there has been part performance of the oral contract, such statements are not excludable merely because they are oral, *Kirk v. Beard*, 162 Tex. 144, 345 S.W.2d 267 (1961). The trial court improperly excluded Hoffmann's statements to Schumann, because it was evidence that should have been considered on the contractual wills issue which the court improperly refused to submit to the jury.

We conclude that the trial court did not err in admitting into evidence the complained of statements by Hoffmann. They were admissible as declarations of his "state of mind" and "fact remembered" or believed relating to his will, witnessed in large part by Louise Hoffman Witte.

Appellants' fourth point of error is overruled.

The judgment of the trial court is affirmed.

---

1. Texas Rules of Evidence 803(3) provides, in relevant part, "A statement of the declarant's then existing state of mind ... [is admissible], but not including a statement of memory or belief to prove the fact remembered, unless it relates to the execution, revocation, identification, or terms of declarant's will."