Robert SMART d/b/a Smart Body and Custom, Appellant,

v.

TEXAS AMERICAN BANK/GALLERIA, Appellee.

No. 01–84–0205–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 1, 1984.

Eric C. Hixon, Houston, for appellant.

Richard L. Abrams, Houston, for appellee.

Before BASS, BULLOCK and DOYLE, JJ.

## OPINION

DOYLE, Justice.

This is an appeal from the granting of a summary judgment in favor of the appellee, Texas American Bank/Galleria. The trial court found that there was no disputed issue of fact and that as a matter of law, the two-year statute of limitations had run on the appellant's cause of action.

The resolution of this appeal is predicated upon the date that appellant's cause of action accrued. A partial recitation of the facts is necessary to make this determination.

Pursuant to art. 6840, V.A.C.S. (1975), appellee filed a suit against appellant in the Harris County Civil Court at Law No. 2 and obtained a writ of sequestration that was levied against one 1976 Cadillac Seville automobile then in the possession of the appellant who was holding it for money due for repairs made to the vehicle. On September 18, 1981, a constable seized the automobile from appellant and stored it pending further orders. The writ of sequestration provided, inter alia, that:

> You are hereby notified that certain properties alleged to be owned by you have been sequestered. If you claim any rights in such property, you are advised YOU HAVE A RIGHT TO REGAIN POSSESSION OF THE PROPERTY BY FILING A "REPLEVY BOND". YOU HAVE A RIGHT TO SEEK TO REGAIN POSSESSION OF THE PROPERTY BY FILING WITH THE COURT A MOTION TO DISSOLVE THIS WRIT:

Appellant chose to file a motion to dissolve the writ and did so on September 28, 1981. After a hearing, the trial court entered an order denying the motion to dissolve the writ on November 19, 1981.

Following various procedural actions of no relevance to this appeal, appellant filed his suit for damages under the Deceptive Trade Practices Act (DTPA) and, alternatively, under the common law. This suit was filed on November 3, 1983.

Appellee contends that appellant's cause of action accrued on September 18, 1981,

the date that the writ of sequestration was levied and the subject vehicle was taken in custody by the constable. Appellant argues that his cause of action accrued on November 19, 1981, the date the trial court entered its order denying his motion to dissolve the writ. The issue before us thus becomes clear: If appellant's cause of action arose on September 18, 1981, more than two years had elapsed when appellant filed his suit on November 3, 1983, and the trial court's judgment must be sustained. If the cause of action accrued on November 19, 1981, this case must be remanded for trial.

In his first two points of error, appellant contends that the trial court erred in granting appellee's motion for summary judgment based on the two-year statute of limitations.

■ In a summary judgment proceeding, the burden is on the movant to prove that as a matter of law, there is no genuine issue of fact, and he is entitled to a summary judgment on the grounds set forth in his motion. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex. 1979). Whether the statute of limitations is applicable to a given factual situation is a question of law, and not a fact issue. *Moya v. O'Brien*, 618 S.W.2d 890, 892 (Tex. Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.).

■ Pursuant to sec. 17.56A of the DTPA, the statute of limitations begins to run on the date on which the act occurred. Appellee argued in his motion for summary judgment that the act complained of was a wrongful sequestration. He offered as summary judgment proof certified copies of the writ of sequestration dated September 18, 1981 and the motion to dissolve the writ of sequestration dated September 28, 1981. These were offered to establish the date on which appellee contended the statute began to run.

Appellant does not challenge these facts. He argues that the deceptive act was appellee's taking possession of the car without paying for authorized repairs. His sugges-

tion is that the statute of limitations was tolled until a ruling was made on his motion to dissolve the writ of sequestration.

■ We first observe that perhaps both parties misconstrue the place and effect of a writ of sequestration. Its purpose and office is succinctly set out in *Radcliff Finance Corporation v. Industrial State Bank*, 289 S.W.2d 645, 649 (Tex.Civ.App.— Beaumont 1956, no writ):

In causing the writ of sequestration to be issued and levied in the case at bar the bank was merely pursuing a remedy for the preservation and protection of its security that was expressly accorded it by statute. Article 6840, Vernon's Texas Civil Statutes. No contention is made that the writ was wrongfully sued out, or that it was wrongfully levied. The automobile was retained in the custody of the sheriff and was never delivered into the possession of the bank. We think no conversion was shown. "Being a conservatory act, sequestration does not affect the question of title to the property involved. Possession under the writ, as to the suit and the parties thereto is legal; and during the pendency of the levy the property remains in the custody of the law." 38 Tex.Jur. 165, Sequestration, Sec. 6; *Fowler v. Stonum*, 6 Tex. 60, 72.

Thus, we see that the act of sequestering personal property is not an act of conversion and its occurrence has no effect in instituting or tolling the statute of limitation.

■ The event that actually triggered the running of the statute of limitations was the legal dispossession of the appellant of the automobile. This dispossession occurred on November 19, 1981, when the court refused to dissolve the writ of sequestration. We sustain appellant's points of error one and two.

The appellant's remaining points of error are not discussed as they are immaterial in view of our disposition of appellant's first two points of error.

The judgment of the trial court is reversed and the cause remanded for trial.