**Billy Doyle NASH, Appellant,**

v.

**CAROLINA CASUALTY INSURANCE COMPANY, Appellee.**

No. 05–86–00794–CV.

Court of Appeals of Texas, Dallas.

Dec. 2, 1987.

Rehearing Denied Dec. 2, 1987.

Sidney H. Davis, Dallas, for appellant.

Joe Smith, Dallas, for appellee.

Before HOWELL, HECHT and THOMAS, JJ.

HOWELL, Justice.

## ON MOTION FOR REHEARING

Our previous opinion is withdrawn. The following is now the opinion of the court.

Plaintiff, Billy Doyle Nash, appeals from a summary judgment granted in favor of defendant, Carolina Casualty Insurance Company ("Carrier"). Plaintiff contends that the trial court erred in granting Carrier's motion for summary judgment, and in denying his cross-motion. We hold that plaintiff's tort, contract, DTPA [1], and Insurance Code [2] claims are barred by limitations and that the claim for attorney's fees is barred by res judicata. Accordingly, we affirm.

This action grows out of a December 29, 1976 collision between a vehicle driven by plaintiff and a 1977 Peterbilt truck owned by B.I. Lock ("Owner"), a trucking operator certified by the Texas Railroad Commission. Plaintiff filed a personal injury suit against Owner and against Chester High ("Owner's Driver" or "Driver") (suit no. 1). Thereafter, Carrier refused to defend Owner or Owner's Driver on grounds that this particular vehicle was not included within the policy's coverage. Plaintiff recovered a judgment for $68,000.

The judgment being unpaid, plaintiff entered federal court and filed suit against Carrier (suit no. 2), alleging that Carrier's policy did, in fact, provide coverage, and seeking to recover the $68,000 that had been awarded in suit no. 1. Plaintiff obtained judgment for $25,000, the policy limit, which was affirmed on appeal (opinion unpublished).

Thereafter, plaintiff obtained an assignment from Owner's Driver of "any and all rights" that Driver had against Carrier for Carrier's failure to defend him, Owner's Driver, in suit no. 1. Subsequently, in December 1983, pleading himself as assignee of Owner's Driver, plaintiff filed the instant suit (suit no. 3), alleging that Carrier acted negligently and breached the contract of insurance with respect to its duty toward assignor Driver. Plaintiff pleaded for the $43,000 in excess of the policy limits that he failed to recover in suit no. 2. Plaintiff further alleged on the part of his assignor that Carrier breached the insurance contract wilfully and in bad faith by failing to defend Driver and that Carrier negligently failed to negotiate a settlement in the first suit. Carrier moved for summary judgment. Plaintiff then filed a cross-motion for partial summary judgment. The trial court sustained Carrier's motion and denied plaintiff's motion.

■ Plaintiff's tort claim, assigned to him by Driver, is based on Carrier's allegedly negligent failure to settle within the limits of the policy it issued to Owner. *See Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W.2d 544 (Tex.Comm'n App.1929, holding approved). An action for recovery on the *Stowers* principle is a tort action and is barred unless filed within two years after it accrues. TEX.CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986). The Texas Supreme Court has held that a *Stowers* action accrues on the day the judgment against the insured becomes final. *Hernandez v. Great American Insurance Co. of New York*, 464 S.W.2d 91, 95 (Tex.1971). The judgment in suit no. 1 became final in January 1980, and plaintiff did not file his *Stowers* action until December 1983, well over two years later. Therefore, his claim is barred.

■ Plaintiff, on behalf of assignor Driver, also pleads the failure to defend. The policy provision to this effect was part of a contract in writing governed by the four-year statute of limitations. *Hastings v. Royal–Globe Ins. Cos.*, 521 S.W.2d 869, 872 (Tex.Civ.App.—San Antonio 1975, no writ). We hold that suit no. 3, filed in December 1985, came too late. The right of Driver to bring suit against Carrier matured in September 1978, when Carrier gave notice of its refusal to defend a suit

---

1. TEX.BUS. & COM.CODE ANN. §§ 17.41—.63 (Vernon Supp.1986).

2. TEX.INS.CODE ANN. art. 21.21, § 16 (Vernon Supp.1986).

then pending. The failure to defend claim falls within the general rule holding that a cause of action accrues when facts exist that authorize the claimant to bring suit for relief against the person responsible for reparation. *Williams v. Pure Oil Co.*, 124 Tex. 341, 345, 78 S.W.2d 929, 931 (1935). Driver had the right to seek relief from Carrier as soon as Carrier gave notice that it did not intend to defend suit no. 1. *See Argonaut Southwest Ins. Co. v. Maupin*, 500 S.W.2d 633, 635–36 (Tex.1973) (duty to defend depends not on final determination of insurer's liability, but on allegations contained in petition). We hold that plaintiff's contract claim is barred by limitations.

Plaintiff's DTPA and Insurance Code claims, first pleaded by amendment in May 1986, are likewise barred by limitations even if we assume that the amendment related back to the original filing of suit no. 3 in December 1983. Plaintiff asserted that Carrier's breach of its contractual duty to defend Driver violated the DTPA. We are required to apply the four-year statute governing DTPA actions, which was in force in September 1978, when the refusal to defend occurred, rather than the current two-year limitations statute.[3] *See* TEX.REV.CIV.STAT.ANN. art. 5527 (Vernon 1958) (presently codified in TEX. CIV.PRAC. & REM.CODE ANN. § 16.004 (Vernon 1986)); *see also Gibbs v. Main Bank of Houston*, 666 S.W.2d 554, 558 (Tex.App.—Houston [1st Dist.] 1984, no writ). Likewise, plaintiff's claim under the Insurance Code is governed by a four-year limitations period. *Id.* at 558. However, the limitations period also began to run upon both the DTPA and the Insurance Code claims with Carrier's refusal to defend in September 1978. *See Smart v. Texas American Bank*, 680 S.W.2d 896, 898 (Tex.App.—Houston [1st Dist.] 1984, no writ) (DTPA limitations begin to run on the date that the wrongful act occurred). Neither of those claims was put in litigation within four years thereafter. Plain-

tiff's claim is therefore barred by the statute of limitations.

Plaintiff next contends that the limitations period was tolled[4] between September 1978 and April 1984 on grounds that Carrier fraudulently concealed from Owner's Driver, plaintiff's assignor, the filing of proof of insurance forms with the Texas Railroad Commission and the existence of a certificate of public convenience and necessity issued by the commission to Owner, authorizing him to engage in trucking operations. The Motor Carrier Act, article 911b, section 13 of the Texas Civil Statutes, provides that such certificate shall not be issued until the motor carrier provides the commission with proof of insurance, which insurance "shall provide that the obligor therein will pay to the extent of the face amount of such insurance policies and bonds all judgments [that] may be recovered against the motor carrier so filing said insurance policies and bonds...." TEX. REV.CIV.STAT.ANN. art. 911b, § 13 (Vernon 1964). Plaintiff contends that proof of insurance forms executed by Carrier for filing with the commission, plus the commission's certificate issued pursuant thereto, extended coverage to the 1977 Peterbilt involved in the collision by operation of law and that Carrier was therefore required to furnish a defense to Owner's Driver as called for by the policy's terms. Plaintiff contends that the failure to disclose to his assignor, Owner's Driver, the filing of the proof of insurance forms, together with the failure to disclose the existence of the certificate of public convenience and necessity, plus the failure to explain the significance of those docume constituted fraudulent concealment from a policy beneficiary of facts showing that Driver had a cause of action against Carrier for its failure to defend. Plaintiff takes the position that such concealment suspended the running of limitations from the refusal to defend in September 1978 until April 1984, when the Fifth Circuit affirmed the judg-

---

3. *See* TEX.BUS. & COM.CODE ANN. § 17.56A (Vernon Supp.1987).

4. Plaintiff also contends that limitations was tolled for 33 days while Carrier's registered

agent was absent from the state. Finding that the 33 days would be of no assistance to plaintiff, we express no opinion thereon.

ment in suit no. 2 on grounds that the certificate plus the proof of insurance extended coverage to the 1977 Peterbilt, even though that vehicle had never been endorsed onto Owner's policy.

■ Fraudulent concealment is a plea in avoidance that estops a defendant from relying on the statute of limitations when the defendant was "under a duty to make disclosure [of] but fraudulently conceals the existence of a cause of action from the party to whom it belongs...." *Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex.1983) (defendant doctor estopped to raise limitations defense by failing to disclose to patient his decision, made during surgery, to leave a portion of a broken needle in her abdomen). A plaintiff asserting such a plea has the burden to show not only that the defendant actually knew that a wrong had occurred, but also that the defendant purposefully concealed the wrong. *Dotson v. Alamo Funeral Home*, 577 S.W.2d 308, 311 (Tex.Civ.App.—San Antonio 1979, no writ). Moreover, "the estoppel effect of fraudulent concealment ends when a party learns of facts, conditions, or circumstances [that] would cause a reasonably prudent person to make inquiry, which, if pursued, would lead to discovery of the concealed cause of action." *Borderlon*, 661 S.W.2d at 909.

In *Borderlon*, the patient did not learn that her doctor had left the needle in her abdomen until x-rays revealed the object more than five weeks after the surgery. There were no other facts or circumstances that would have prompted her to inquire about her condition or to discover that she might have a cause of action against her doctor. However, in our case, the certificate issued by the Railroad Commission was not the only matter that might reasonably have prompted inquiry by Owner's Driver into Carrier's potential liability for declining to defend him. Carrier notified Driver in September 1978 that it would not defend him because Carrier believed that its policy did not cover the vehicle operated by Driver. At that time, Driver became aware of facts that would have caused a reasonably prudent person to inquire further into Carrier's liability under the policy.

Further, Carrier's explicit denial of coverage vitiated any contention of purposeful concealment. Therefore, we hold that plaintiff failed to raise a fact issue concerning fraudulent concealment.

■ Plaintiff claims finally that the trial court erred in denying his claim for attorney's fees incurred in suit no. 2 where plaintiff, suing in his own right, recovered the policy limits from Carrier. We hold this claim to be barred by res judicata. Plaintiff fails to show why he could not or did not litigate such claim in suit no. 2 before the federal court. The cause of action, which plaintiff enjoyed, in his own right, to recover from Carrier, on account of the policy issued by Carrier, was but one single cause of action that plaintiff was obligated to litigate in a single suit. Any element of damage that was appurtenant to that cause had to be litigated in that suit; res judicata bars any such element of damage from being litigated elsewhere. The contention that plaintiff may, in this action, recover attorney's fees relating to that action is overruled. *See Ogletree v. Crates*, 363 S.W.2d 431, 435 (Tex.1963).

Because we have held that plaintiff's claims are barred, we do not reach his opposing motion for partial summary judgment. The judgment of the trial court is

AFFIRMED.