Richard LONG, Appellant,

v.

STATE FARM FIRE AND CASUALTY COMPANY, Appellee.

No. 01–91–00526–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 27, 1992.

Rehearing Denied April 30, 1992.

William S. Bush, Lynne Liberato, Houston, for appellant.

Warren Taylor, Houston, for appellee.

1. Tex.Bus. & Com.Code Ann. § 17.41 et seq. (Vernon 1987).

Before TREVATHAN, C.J., and COHEN and WILSON, JJ.

## OPINION

TREVATHAN, Chief Justice.

This Court is asked to determine whether the trial court properly granted a summary judgment in a suit against an insurer for violations of the Texas Deceptive Trade Practices–Consumer Protection Act (DTPA),[1] the Insurance Code,[2] and for breach of the duty of good faith and fair dealing. We find that it did not, and reverse the judgment and remand the cause for a trial on the merits.

Background

On November 8, 1984, appellant, Richard Long brought a breach of contract suit against appellee, State Farm Fire and Casualty Company (State Farm), asserting State Farm had wrongfully denied his claim for coverage after two fires destroyed his home. State Farm denied Long's claim on November 23, 1983. Nearly three years later, on July 7, 1984, Long amended his original petition to include claims for violations of the DTPA and article 21.21 of Insurance Code, and for breach of the duty of good faith and fair dealing.

The trial court bifurcated the case, and a jury held that State Farm breached its contract by wrongfully refusing to pay Long's claim. State Farm then filed a motion for summary judgment on Long's remaining claims. The trial court granted State Farm's motion on the ground that the statute of limitations barred the additional claims asserted in Long's amended pleading.

In three points of error, Long argues the trial court erred in granting State Farm's motion for summary judgment on limitations grounds.

Standard of Review

Under Tex.R.Civ.P. 166a(c), a summary judgment is proper only when a movant establishes that there is no genuine issue

2. Tex.Ins.Code Ann. art. 21.21. (Vernon Supp. 1992).

of material fact and that he is entitled to judgment as a matter of law. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972); *Rogers v. F.J. Reynolds*, 761 S.W.2d 788, 793–94 (Tex.App.—Beaumont 1988, writ denied). In a summary judgment proceeding, the burden of proof is on the movant, and all doubts about the existence of a genuine issue of fact are resolved against the movant. *Roskey v. Texas Health Facilities Comm'n*, 639 S.W.2d 302, 303 (Tex.1982); *Rogers*, 761 S.W.2d at 795.

Once the movant has established a right to a summary judgment, the burden shifts to the nonmovant. The nonmovant then must respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

■ Summary judgment is proper for a defendant if his summary judgment proof establishes, as a matter of law, that there exists no genuine issue of material fact concerning one or more of the essential elements of the plaintiff's cause of action. *Goldberg v. United States Shoe Corp.*, 775 S.W.2d 751, 752 (Tex.App.—Houston [1st Dist.] 1989, writ denied). Summary judgment is also proper for a defendant if he conclusively establishes all elements of his affirmative defense, such as the running of the statute of limitations, as a matter of law. *Clear Creek*, 589 S.W.2d at 678; *Jones v. Cross*, 773 S.W.2d 41, 42–43 (Tex. App.—Houston [1st Dist.] 1989, writ denied).

In reviewing the granting of a motion for summary judgment, this Court will take all evidence favorable to the nonmovant as true. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986); *Goldberg*, 775 S.W.2d at 752. Every reasonable inference will be indulged in favor of the nonmovant, and any reasonable doubt will be resolved in his favor. *Continental Casing Corp. v. Sam-*

*edan Oil Corp.*, 751 S.W.2d 499, 501 (Tex. 1988); *Goldberg*, 775 S.W.2d at 752. If we determine that the summary judgment was improperly granted, we will reverse the judgment and remand the cause for a trial on the merits. *Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396, 400 (1958).

Limitations and the Relation Back Doctrine

■ When a defendant seeks a summary judgment on the ground that the plaintiff's cause of action is barred by a statute of limitations, it is the defendant's burden to conclusively establish the applicability of the statute. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex.1975); *Oram v. General American Oil Company of Texas*, 513 S.W.2d 533, 534 (Tex.), *cert. denied*, 420 U.S. 964, 95 S.Ct. 1355, 43 L.Ed.2d 441 (1975).

Long contends the statute of limitations[3] does not bar his claims because his amended petition asserts additional causes of action that are based upon the same transaction or occurrence as his cause of action for breach of contract. It is not disputed that Long timely filed his breach of contract claim. Thus, Long argues that, under the relation back doctrine, his claims for the breach of the duty of good faith and fair dealing and violations of the DTPA and Insurance Code relate back to this timely-filed petition.

■ Whether Long's claims are barred under the facts depends on the application of the relation back doctrine to each of these claims. TEX.CIV.PRAC. & REM.CODE ANN. § 16.068 provides:

If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitations when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly

---

**3.** Under the DTPA and Insurance Code, a party must file a cause of action within two years after the party discovered or should have discovered the occurrence. TEX.BUS. & COM.CODE ANN. § 17.565 (Vernon 1987); TEX.INS.CODE ANN. art. 21.21 § 16(d) (Vernon Supp.1992). An action

for breach of the duty of good faith and fair dealing must be brought within two years of the date the insurance contract claim is denied. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex.1990); TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986).

based on a new, distinct, or different transaction or occurrence.

TEX.CIV.PRAC. & REM.CODE ANN. § 16.068 (Vernon 1986).

The purpose of section 16.068 is to limit the application of the statute of limitations to amended pleadings. The test is as follows: if the amended pleading does not allege a wholly new, distinct, or different transaction, then it relates back to the original filing, and is not subject to a limitations defense. *Ex parte Goad*, 690 S.W.2d 894, 896 (Tex.1985), *cert. denied*, 493 U.S. 1021, 110 S.Ct. 722, 107 L.Ed.2d 742 (1990); *Leonard v. Texaco, Inc.*, 422 S.W.2d 160, 163 (Tex.1967). It is immaterial that the later pleading asserts a different cause of action. *Knesek v. Witte*, 754 S.W.2d 814, 816 (Tex.App.—Houston [1st Dist.] 1988, writ denied) (citing *Pelt v. American Casualty Co.*, 513 S.W.2d 128, 129–30 (Tex.Civ. App.—Dallas 1974, writ ref'd n.r.e.)). Even if the amended petition contains new causes of action, the new causes are not barred by the statute of limitations unless they arise from a wholly different transaction. *Providence Hosp. v. Truly*, 611 S.W.2d 127, 133–34 (Tex.Civ.App.—Waco 1980, writ dism'd).

This Court has specifically applied the relation back doctrine where an amended pleading has asserted violations of the DTPA and article 21.21 of the Insurance Code. *Aetna Casualty & Sur. Co. v. Martin Surgical*, 689 S.W.2d 263, 272 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). In *Aetna*, we did not address a claim for breach of the duty of good faith and fair dealing.

Insurance Code

■ We need not apply the relation back doctrine to Long's article 21.21 claim, because we find it was filed timely as a matter of law.

Long's Insurance Code violation is governed by the four-year limitations period in effect on November 23, 1983 when State Farm denied Long's claim for coverage, rather than the current two-year limitations statute. *Gibbs v. Main Bank of*

*Houston*, 666 S.W.2d 554, 558 (Tex.App.— Houston [1st Dist.] 1984, no writ); *Tectonic Realty v. CNA Lloyds of Texas*, 812 S.W.2d 647, 655 (Tex.App.—Dallas 1991, writ denied). On April 4, 1985, section 21.21 of the Insurance Code was amended.[4] A cause of action that accrued before the effective date of this amendment is governed by the law in effect at the time the action accrued. Long gets the benefit of the limitations period that prevailed at the time his cause of action accrued. *Nash v. Carolina Casualty Ins. Co.*, 741 S.W.2d 598, 601 (Tex.App.—Dallas 1987, writ denied).

Long's amended pleading was filed well within the four-year limitation period. Therefore, the trial court erred in granting State Farm's summary judgment on limitation grounds with respect to Long's article 21.21 claim because it was timely filed as a matter of law.

Deceptive Trade Practices Act

■ Long's cause of action for breach of the DTPA accrued on the date that State Farm denied his claim for coverage. *See Smart v. Texas Am. Bank*, 680 S.W.2d 896, 898 (Tex.App.—Houston [1st Dist.] 1984, no writ). The relation back doctrine has been specifically allowed in DTPA claims. *Providence Hosp.*, 611 S.W.2d at 133–34.

In *Aetna*, this Court held that amended pleadings asserting DTPA claims relate back to an original petition alleging breach of an insurance contract. *Aetna*, 689 S.W.2d at 272. In *Aetna*, the plaintiff filed a breach of contract suit against its insurer. Five years later, the plaintiff amended its petition, adding causes of action for violations of the DTPA and article 21.21 of the Insurance Code and for fraudulent misrepresentation. This Court held the amended claims were not "wholly based on and [growing] out of a new, distinct or different transaction or occurrence." *Aetna*, 689 S.W.2d at 272.

Thus, Long's claim for violations of the DTPA relates back to his timely filed petition asserting breach of contract and is not

---

**4.** Act of May 21, 1973, 63rd Leg., R.S., ch. 143, 1973 Tex.Gen.Laws 338, *amended by* Act of April 4, 1985, 69th Leg., R.S., ch. 22, § 3, § 4, 1985 Tex.Gen.Laws 395, 396.

subject to State Farm's limitation defense. *Aetna*, 689 S.W.2d at 272; Tex.Civ.Prac. & Rem.Code Ann. § 16.068 (Vernon 1986). We find that the trial court erred in granting State Farm's summary judgment with respect to Long's cause of action for violations of the DTPA.

Breach of Duty of Good Faith and Fair Dealing

■ A suit for the breach of the duty of good faith and fair dealing is governed by the two-year statute of limitations applicable to personal property and injury tort claims. Tex.Civ.Prac. & Rem.Code Ann. § 16.003(a) (Vernon 1986). A suit for breach of the duty of good faith and fair dealing accrues on the date an insurer denies a claim for coverage. *Murray v. San Jacinto Agency*, 800 S.W.2d 826, 828 (Tex. 1990).

In *Arnold v. National County Mutual Fire Insurance*, the Texas Supreme Court recognized that an insurer has a duty to deal fairly and in good faith with its insured in the processing and payment of a claim. *Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167–68 (Tex. 1987). In *Arnold*, the court also held the limitations on a claim for a breach of that duty did not begin to run until the underlying contract claims were "finally resolved." *Id.* at 168. The court, however, in *Murray* modified its holding in *Arnold*, stating: "[o]ur limitations holding in *Arnold* is not consistent with the rule that limitations commences at the time facts come into existence which authorize a claimant to seek a judicial remedy." *Murray*, 800 S.W.2d at 829 (citing *Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex.1977)). The court held the injury-producing event is the denial of coverage, and that "[l]imitations on a first party claim appropriately begins to run at denial, not the date a separate suit to determine coverage under the contract is resolved." *Murray*, 800 S.W.2d at 829.

■ Thus, Long's cause of action for breach of the duty of good faith and fair dealing accrued when State Farm denied his claim for coverage on November 23, 1983. *See Murray*, 800 S.W.2d at 829. Long did not file his claim until nearly three years after his cause of action accrued. Thus, unless the relation back doctrine applies, Long's claim is barred by limitations. *See Liberty Mut. Fire Ins. Co. v. Richards*, 810 S.W.2d 232, 233–34 (Tex. App.—Houston [14th Dist.] 1991, writ denied); Tex.Civ.Prac. & Rem.Code Ann. § 16.003(a) (Vernon 1986).

The question is whether Long's claim that State Farm breached its duty of good faith and fair dealing is based on a wholly new, distinct, or different transaction or occurrence.

State Farm argues Long's claim for breach of the duty of good faith and fair dealing is not based on the same transaction or occurrence because the breach of contract suit is based on the fire loss and the bad faith claim is based on the denial of the claim. We disagree.

State Farm relies on authority that stands only for the proposition that claims for breach of contract and breach of the duty of good faith and fair dealing are separate causes of action. However, the addition of a different cause of action is immaterial to the crucial inquiry in determining whether limitations bars a causes of action asserted in an amended pleading. *Knesek*, 754 S.W.2d at 816.

In his original petition, Long asserted that State Farm had breached its contract because it "failed and refused" to pay Long *in accordance with its obligations under the contract.* The occurrence that triggered Long's claim for breach of contract was not the fire loss, that triggered State Farm's duty to pay under the policy. Rather, it was State Farm's failure to pay the claim for policy benefits under the terms of the contract. A bad faith claim alleges that an insurer denied the underlying claim or delayed payment when it had no reasonable basis, or without determining whether it had a reasonable basis for the denial or delay. *Arnold*, 725 S.W.2d at 165.

We hold that Long's amended pleading, asserting breach of State Farm's duty of good faith and fair dealing, relates back to the time of the filing of his original peti-

tion. This claim does not arise from a wholly new, distinct, or different transaction or occurrence. *Leonard*, 422 S.W.2d at 163.

We disagree with the trial court's conclusion that Long's article 21.21, DTPA, and breach of the duty of good faith and fair dealing claims were barred by limitations. In summary, Long's article 21.21 claim was timely filed as a matter of law, because the limitations period in force at the time his cause of action accrued was four years, not two years. Long's DTPA and breach of the duty of the good faith and fair dealing claims asserted in his amended pleading relate back to his timely filed original petition. These claims do not arise from a new, distinct, or different transaction or occurrence.

We reverse the judgment and remand the cause for a trial on the merits.