Milton M. COOKE, Milton M. Cooke, Jr. d/b/a Cooke Development Company, Luck Petroleum Corp., Company of Developing Energy, James Dupuy, Alva, Inc., R. Foy Phillips, Gilbert Allen, Sentinel Resources, John Luck, Jr., and SRC Farm in Partners—1983, Appellants,

v.

MAXAM TOOL AND SUPPLY, INC., American Surveys, Inc., Chromalloy American Corp., and Allstate Vacuum & Tanks Inc., Appellees.

No. C14–92–00882–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 29, 1993.

Rehearing Denied May 27, 1993.

David W. Pace, Houston, for appellants.

Danny Van Winkle, Patricia Kay Dube, H. Lee Lewis, Jr., Byron Lee, Stephanie K. Crain, Marie R. Yeates, Houston, for appellees.

Before ROBERTSON, CANNON and BOWERS, JJ.

## OPINION

ROBERTSON, Justice.

Milton M. Cooke, Milton M. Cooke, Jr. d/b/a Cooke Development Company, John Luck, Jr., Luck Petroleum Corp., Company of Developing Energy, James Dupuy, Alva, Inc., R. Foy Phillips, Gilbert Allen, Sentinel Resources, and SRC Farm In Partners—1983, appellants, bring this appeal from the granting of summary judgments on all causes of action in favor of Maxam Tool and Supply, Inc. (Maxam), American Surveys, Inc. (American), Chromalloy American Corp. (Chromalloy), and Allstate Vacuum & Tanks Inc. (Allstate), appellees. In two points of error, appellants contend the trial court improperly granted the summary judgment motions based on the defense of limitations, and abused its discretion in granting appellees' motion for severance. We affirm.

Appellants were involved in the drilling of an oil and gas well in June of 1984. On June 14, 1984, Maxam delivered equipment for use in the well. On June 25, 1984, Allstate injected calcium chloride fluid into the well. Allstate obtained the fluid from Unibar Drilling Fluids, Inc.[1] (Unibar), and Unibar had obtained the fluid from Chromalloy. On July 3, 1984, American ran a cement bond log on the well. In their brief

to this court, appellants state "[i]t is undisputed that the transactions giving rise to all of appellants' claims occurred in June and July 1984."

Appellants filed their Original Petition on July 14, 1986. This petition correctly named Maxam and American as defendants and sought service for both parties. The petition also named *Allstate Vacuum Services* as a defendant but did not seek service. Appellants based their grounds of liability in this petition on the negligence of all of the defendants, and products liability against Maxam.

Appellants' First Amended Original Petition was filed on January 14, 1987. In this petition, appellants correctly named appellee Allstate and sought service of process on Allstate. Again, appellants only grounds of liability were negligence and products liability.

Appellants filed their Second Amended Original Petition on March 27, 1987. Appellants added Chromalloy as a defendant. Appellants continued to assert grounds of liability based on negligence and products liability. In their Third Amended Original Petition filed on September 2, 1987, appellants added specific damage allegations but did not add new defendants or grounds of liability.

Finally, on July 6, 1989, appellants filed their Fourth Amended Original Petition. In this petition, appellants asserted for the first time several new grounds of liability. Appellants dropped their negligence claim against Maxam but continued it against the remaining defendants. They asserted breach of warranty and breach of contract actions against all defendants, and made DTPA allegations against Allstate, Chromalloy, and Unibar.

Appellees filed their motions for summary judgment both before and after the filing of appellants' Fourth Amended Original Petition, asserting the defenses of both the two and four year statutes of limitations. The trial court first denied these motions, but all were later granted against

---

1. Unibar was named as a defendant in appellants' original petition. Unibar did not file a motion for summary judgment, and this cause of action is still before the trial court.

all plaintiffs on February 5, 1990. On June 8, 1992, the trial court severed the summary judgments from appellants' remaining causes of action against defendant Unibar.

 In their first point of error, appellants claim the trial court erred in granting appellees' motions for summary judgment. In a review of a summary judgment, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exists no genuine issue of material fact and he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979); TEX.R.CIV.P. 166a. The nonmovant is entitled to have all reasonable inferences made and all doubts resolved in his favor. *University of Texas Health Science Center at Houston v. Big Train Carpet of El Campo, Inc.* 739 S.W.2d 792 (Tex.1987). A defendant seeking a summary judgment on the basis of limitations must prove when the cause of action accrued, and if applicable, he must negate the discovery rule by proving as a matter of law that there is no genuine issue of fact about when the plaintiff discovered or should have discovered the nature of his injury. *Burns v. Thomas,* 786 S.W.2d 266, 267 (Tex.1990).

## TWO YEAR STATUTE OF LIMITATIONS

### MAXAM

 At oral argument, counsel for appellants conceded that the two year statute of limitation had run on its negligence and products liability claims against Maxam. Maxam had installed equipment at the well site on June 17, 1984. Appellants knew the equipment failed no later than July 1, 1984. Suit was not filed until July 14, 1986, more than two years after the injury caused by Maxam's equipment. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986) (a suit for injury to property must be brought within two years after the cause of action accrues).

### ALLSTATE

Allstate supplied the calcium chloride fluid to the well site on June 25, 1984. Although appellants filed their Original Petition on July 14, 1986, they did not correctly name Allstate as a defendant nor did they request service on the party that was named. Allstate was not properly named or served with process until January 1987, after appellants filed their First Amended Original Petition. These petitions were filed by appellants more than two years after Allstate supplied the calcium chloride fluid.

Appellants argue that the damage caused by the fluid was not discovered until October 5, 1984. Appellees contend that the discovery rule only applies to matters that are "inherently undiscoverable," *Rose v. Baker & Botts,* 816 S.W.2d 805, 810 (Tex.App.—Houston [1st Dist.] 1991, writ denied); *Johnson v. Abbey,* 737 S.W.2d 68, 69 (Tex.App.—Houston [14th Dist.] 1987, no writ), but, the supreme court has applied the discovery rule to permanent injuries to land. *See Bayouth v. Lion Oil Co.,* 671 S.W.2d 867, 868 (Tex.1984). However, Allstate was not properly named, nor served, until more than two years had elapsed since the injury was discovered.

 Appellants assert that they only discovered the damage to the bottom zone in October 1984. Damage to the top zone was not discovered until June 1985. Since their First Amended Original Petition was filed in January 1987, they argue it was timely filed. An action for damages to land accrues upon the discovery of the first actionable injury and not when the extent of the damages to the property are fully ascertainable. *Id.* Therefore, appellants' First Amended Original Petition was not timely.

 Appellants next argue that limitations were tolled by the filing of their Original Petition. The filing of a suit against one party does not toll limitations against another party. *Wright v. Gifford–Hill & Co., Inc.,* 736 S.W.2d 828, 833–34 (Tex. App.—Waco 1987, writ ref'd n.r.e.). Even if appellants' argument is accepted, they still did not seek service against Allstate in

their Original Petition. The mere filing of a suit does not interrupt the running of limitations unless due diligence is exercised in the issuance and service of citation. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex.1990). Appellants argue that Allstate failed to establish a lack of diligence on the part of appellants in obtaining service. When a non-movant pleads diligence in requesting service, the movant must then meet his burden to negate this issue. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex.1975). However, the record before us reveals that appellants did not raise the issue before the trial court; therefore, Allstate was not required to show a lack of diligence on the part of appellants. More importantly, we believe that appellants' failure to request service at all, combined with the lapse of six months before requesting service, shows a lack of diligence as a matter of law. *See Hansler v. Mainka*, 807 S.W.2d 3, 5 (Tex. App.—Corpus Christi 1991, no writ); *Perry v. Kroger Stores*, 741 S.W.2d 533, 534 (Tex. App.—Dallas 1987, no writ). Appellants' negligence action against Allstate was barred by the two year statute of limitations.

## CHROMALLOY

Chromalloy supplied the calcium chloride fluid to Unibar who then furnished it to Allstate. Chromalloy was not named as a defendant until March 1987. They had supplied the fluid in June 1984, and the damage was discovered by appellants in October 1984. More than two years had elapsed since appellants' cause of action had accrued.

■ Appellants claim they did not file suit against Chromalloy until March 1987 because it was not until that time that they discovered Chromalloy was involved with the fluid. The discovery rule "operates to toll the running of the period of limitations until the time that the plaintiff discovers, or through the exercise of reasonable care and diligence should discover, the *nature of the injury.*" *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex.1990) (emphasis added). The key to

the discovery rule is that limitations begin to run when the *nature of the injury* is known, *not* when the alleged wrongdoers are identified. *Russell v. Ingersoll–Rand Co.*, 841 S.W.2d 343, 344 n. 3 (Tex.1992). The period of limitations is the time for a party to learn who caused its injury. *Leeds v. Cooley*, 702 S.W.2d 213, 215 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). Appellants' negligence cause of action against Chromalloy was time barred.

## AMERICAN

■ American ran a cement bond log on the well on July 3, 1984. This log was completed and available to appellants within hours of its completion. American was named in Appellants' Original Petition filed on July 14, 1986. This occurred more than two years after American ran the log.

Appellants contend they did not know the log was defective until they received a report from their expert on July 10, 1986. As discussed above, the discovery rule tolls the applicable period of limitations until the time the injury is discovered *or through the exercise of reasonable care and diligence should have been discovered. Moreno*, 787 S.W.2d at 351. Appellants' counsel stated during oral argument that this well was being developed by "professional oil men." The record shows that appellants, in their response to appellees' motions for summary judgment, filed an affidavit from their own expert stating it was obvious to him that the log was incorrect and overly optimistic. Appellants conceded that the equipment controlling the placement of the cement failed prior to the log being run. Appellants knew the well was damaged by October 5, 1984. The well was sealed in January of 1985. Appellants did not receive their expert evaluation until July 10, 1986, more than two years after the log was run. We find appellants did not exercise reasonable care and diligence in discovering possible injury caused by the cement bond log. Therefore, appellants' claim of negligence against American was barred by the two year statute of limitations.

## FOUR YEAR STATUTE
## OF LIMITATIONS

Appellants contend that even if their two year claims were barred by limitations, they should be able to "relate" back their four year grounds of liability of warranty, contract, and DTPA. These claims cannot stand on their own because this petition was filed on July 6, 1989, more than four years after the causes of action accrued. Appellants' claim of relation back relies on § 16.068 of the Civil Practice and Remedies Code. This section provides:

[i]f a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitations unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

TEX.CIV.PRAC. & REM.CODE ANN. § 16.068 (Vernon 1986). Appellants focus on the fact that they did not base their new causes of action on a new, distinct or different transaction or occurrence. Their focus is misplaced.

The test to determine whether an amended pleading relates back to an earlier pleading is two-pronged. *Id.; see Leonard v. Texaco*, 422 S.W.2d 160 (Tex. 1967) (interpreting former art. 5539b, now codified as § 16.068); *Lathem v. Richey*, 772 S.W.2d 249, 255 (Tex.App.—Dallas 1989, writ denied). First, the original cause of action asserted in the first pleading must not have been time barred when filed, and second, the amended pleading which changes the facts or grounds of liability or defense must not be wholly based on a new, distinct or different transaction or occurrence. *Id.* Therefore, before a party can make use of § 16.068, the pleading that it wants to relate back to must not be subject to a plea of limitations. In *Leonard*, the supreme court went to great lengths to show the original cause of action was not time barred when it was filed. 422 S.W.2d at 164–65.

Appellants' negligence cause of action was time barred against all appellees. Therefore, its fourth amended petition could not relate back and would have to stand on its own. Appellants argue that their original petition had enough facts to support their claims of violations of the DTPA, breach of warranty, and breach of contract. This reading of § 16.068 would require a much too broad interpretation of this statute and of our pleading practice. *See* TEX.R.CIV.P. 47.

If a pleading changes the "grounds of liability," it is not barred if the original pleading was not time barred. TEX.CIV. PRAC. & REM.CODE ANN. § 16.068 (Vernon 1986). Appellants' interpretation would render this portion meaningless. Appellants' original ground of liability was based on the negligence of the appellees. They changed their grounds of liability in their Fourth Amended Original Petition to include contract, warranty and DTPA. Appellants claim in their Second Supplemental Brief that the facts before us are much like those in *Long v. State Farm Fire and Cas. Co.*, 828 S.W.2d 125 (Tex.App.—Houston [1st Dist.] 1992, writ denied). In *Long*, the court held the plaintiff's subsequent pleadings did not relate to a different transaction or occurrence. 828 S.W.2d at 128–29. The court did not focus on the first part of the test because it was undisputed that the plaintiff had timely filed his original petition. *Id.* at 127. While we agree with appellants that a single transaction can give rise to claims based on both negligence and contract, we do not agree that a mere recitation of the facts will suffice to toll the running of limitations.

Here, appellants' new grounds of liability could not relate back because they did not meet the first prong required by § 16.068. All of appellants' prior pleadings were time barred; therefore, their Fourth Amended Original Petition could not relate back, nor could it stand on its own. The trial court properly granted appellees' motions for summary judgment.

Appellants raise some collateral matters in their first point of error. Appellants complain of the trial court's refusal to

abate the lower court proceeding so that they could file the notices required by the DTPA. While appellants filed a motion for abatement, the record does not show that the trial court ever ruled on the motion. Without a ruling by the trial court, appellants have failed to preserve their complaint for our review. TEX.R.APP.P. 52(a). Additionally, appellants' DTPA claims were time barred; therefore, there was no need for the trial court to abate the proceedings.

Appellants also maintain that Maxam only moved for summary judgment based on the applicable two year statute of limitations. However, the record shows that Maxam's further responses also addressed the four year statute of limitations. The trial court properly granted Maxam's motion for summary judgement as to both the two and four year limitations.

Finally, appellants state the trial court improperly granted Chromalloy's motion for summary judgment based on alleged defects in their pleadings. This misconstrues Chromalloy's motion. Chromalloy filed a separate motion for summary judgment for the plaintiffs that had been recently added. They did not claim that these plaintiffs had no right to be named in the suit. Their motion was one based on a defense of limitations. The order granting the motions for summary judgment stated that it was granted against all plaintiffs based on limitations. There is no evidence that the motions were granted based on a defect in appellants' pleadings. Appellants' first point of error is overruled.

■■■ Appellants, in their second point of error, contend the trial court abused its discretion when it severed the summary judgments from the remaining case. A trial court has broad discretion in the matter of severance, and the trial court's decision to grant a severance will not be reversed absent an abuse of discretion. *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex.1990). Appellants originally claimed that the trial court abused its discretion because they would be faced with the possibility of two trials if the summary judgments before this court were reversed, or

the prospect of two appeals if the judgments were upheld and they lost their remaining claim. Appellants have conceded that part of their concern has been relieved because the trial court has agreed to postpone the remaining trial until this appeal has been decided.

Even if the trial court had not made such an agreement, we would be hard pressed to find the trial court abused its discretion. The supreme court has found, in similar circumstances, a severance of a summary judgment to not be an abuse of discretion. *See Cherokee Water Co. v. Forderhause*, 641 S.W.2d 522, 526 (Tex.1982). We do not find, from the facts before us, that the trial court abused its discretion. Appellants' second point of error is overruled.

■■■ After submission, appellees filed a motion to dismiss this appeal for want of jurisdiction claiming that the majority of appellants were not properly named in the cash deposit in lieu of bond, and that the deposit was defective as to the remaining appellant. All appellants were fully named in the caption of the deposit and then referred to in the body of the deposit with the use of the term "et al." This is sufficient to name all parties and properly invoke jurisdiction. *See Abramcik v. U.S. Home Corp.*, 792 S.W.2d 822 (Tex.App.—Houston [14th Dist.] 1990, writ denied) (en banc).

■■■ Appellees next contend that appellants failed to show that the non-party paying the cash deposit had authority to do so, rendering the deposit ineffective. While a bond executed by a stranger to the suit is insufficient to invoke jurisdiction of a reviewing court, this is not the case when a cash deposit is filed in lieu of a bond. Appellees' motion to dismiss is overruled.

The judgment of the trial court is affirmed.

BOWERS, Justice, dissenting.

I respectfully dissent. If the court is bound by how appellants characterized the facts in their petition, then the majority is correct in holding that appellants' "negligence" suit is barred by the two year stat-

ute of limitations. But, if the court must look to the facts as alleged and apply the substantive law to those facts to determine the cause of action, then the majority is wrong in their holding because the suit arose out of business dealings between the parties based on contract and breach of warranty.

### Are appellants barred by the two year statute of limitations because they characterized the facts as negligence?

In *Bernard Johnson v. Continental Constructors*, 630 S.W.2d 365 (Tex.App.—Austin 1982, writ ref'd n.r.e.), a contractor brought action against the Parks and Wildlife Department and the architect on a bulkhead project. Appellee alleged appellant was negligent as follows:

> Plaintiff would show that said Defendant failed to properly administer the Bulkhead Project. Due to the failure of said Defendant to properly process the change orders and administer said Project, Plaintiff suffered extensive delays and the increased costs resulting therefrom. Said Defendant abrogated its responsibilities in supervising and administering the Bulkhead Project. The acts and/or omissions on the part of said Defendant constitute negligence as that term is understood in law. Such negligence proximately caused Plaintiff's damages, which Plaintiff would show greatly exceed the minimum jurisdictional limits of this court.

*Id.* at 367. Clearly, plaintiff set forth the facts and then called defendants' actions negligent. The court said

> [w]hether the plaintiff's factual allegations set forth a right, a duty and a breach *cannot be determined except by reference to the substantive law....* It is inconceivable that appellee could maintain its action against appellant without proving at trial the contents of the bulkhead contract and the resulting duty said to be placed upon appellee therein. In such cases, any action is said to be in substance an action *on the contract,* even though it is denominated an action for negligent performance of the contract.

*Id.* at 368 (emphasis in original). In the instant case, appellants can not prove any duty unless they first prove that an agreement existed whereby appellees would provide the services and products appellants now complain about.

In *Southwestern Bell Tel. Co. v. DeLanney,* 809 S.W.2d 493 (Tex.1991), the Supreme Court considered whether a cause of action for negligence is stated by an allegation that a telephone company negligently failed to perform its contract to publish a Yellow Pages advertisement. The court of appeals held that Bell's cancellation of DeLanney's Yellow Pages advertisement was correctly submitted as a negligence claim. The dissenting justice argued that because DeLanney sought damages for breach of a duty created under the contract, rather than a duty imposed by law, the claim sounded only in contract. *Id.* at 494. The Supreme Court agreed with the dissenting opinion. Although DeLanney pleaded action as one in negligence, the Court found that after looking to the facts, Bell's failure to publish the advertisement was not a tort but was solely a cause of action based on contract. *Id.* at 495.

In the present case, appellants pleaded from the beginning that goods and services provided by appellees for completion of appellant's oil and gas well were defective and that such defective goods and services damaged the well. In appellants' original petition, appellants state:

### MAXAM

Maxam Tool and Supply *supplied a floatshoe and collar* and related equipment for use in casing cementing operations of the well. Such equipment was defectively manufactured or designed and *was placed in commerce by said Defendant for use by Plaintiffs.* Said equipment was negligently inspected, used or maintained by said Defendant. As a proximate result of such defect or negligence, said equipment failed in the well proximately causing an ineffective primary cement operation. As a consequence, the well and productive forma-

tions were damaged and additional unnecessary expense was incurred by Plaintiffs.

(Emphasis added.)

In their original petition, appellants allege that the equipment was defectively manufactured or designed and was placed in commerce for use by plaintiffs [appellants].

In their original petition, appellants state:

## AMERICAN SURVEYS

On or about July 3, 1984 American Surveys, Inc. negligently *ran a cement bond log in the well which was incorrect* and unduly optimistic. As a proximate result of such negligence, completion of the well was begun without necessary hydraulic isolation.

(Emphasis added.)

In the original petition appellants allege American Surveys performed a cement bond log that was incorrect and unduly optimistic. Appellants are complaining of the services they had contracted for with American Surveys.

In their original petition, appellants state:

## ALLSTATE and UNIBAR

Defendants Allstate Vacuum Services and Unibar Drilling Fluids were negligent in formulating or failing to test fluids used in completing the well. As a proximate result of such negligence, scale and flakes consisting of gypsum and anhydrite formed in the tubing. Such scale and precipitates formed as a result of the interaction of formation fluids and calcium chloride water. Plaintiffs allege that such scale and precipitates would not have formed had the Defendants properly formulated and tested the *calcium chloride water they furnished to Plaintiffs.* The scale and precipitates which formed flowed into productive formations where they blocked the flow of hydrocarbons and were the proximate cause of loss of production and permanent damage to pro-

ductive oil and gas formations penetrated by the well.

(Emphasis added.)

In their third amended petition, appellants joined Chromalloy. Appellants petition as to Chromalloy, states:

Defendants Allstate Vacuum & Tanks, Inc., Chromalloy American Corp. and Unibar Drilling Fluids were negligent in formulating, testing, transporting or failing to test fluids used in completing the well. As a proximate result of such negligence, scale and flakes consisting of gypsum and anhydrite formed in the tubing. Such scale and precipitates formed as a result of the interaction of formation fluids and calcium chloride water. Plaintiffs allege that such scale and precipitates would not have formed had the Defendants properly formulated, tested and transported the *calcium chloride water they furnished to Plaintiffs.* The scale and precipitates which formed flowed into productive formations where they blocked the flow of hydrocarbons and were the proximate cause of loss of production and permanent damage to productive oil and gas formations penetrated by the well.

(Emphasis added.)

Appellants are obviously complaining about the product sold to them by appellees.

Appellants' causes of action are based on business dealings between appellants and appellees. The statute of limitations is an affirmative defense that must be pleaded and proved. When appellees pleaded the statute of limitations, appellants filed their fourth amended petition wherein they characterized the alleged facts as breach of contract and warranty. Because of a long line of cases, we know the label given to such facts is irrelevant. Appellants' petitions allege facts sufficient to state a cause of action for breach of contract, warranty and DTPA, all of which are governed by four year statute of limitations. Because all appellees were served within four years from the date the causes of action arose, there is no reason to apply the relation back doctrine.

I would reverse and remand for a trial on the merits.