NUMBER 13-02-688-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

JERRY L. BARTH,                                                             Appellant,

v.

ROYAL INSURANCE COMPANY AND 
ROYAL & SUNALLIANCE COMPANY,                                 Appellees.
___________________________________________________________________

On appeal from the 275th District Court
of Hidalgo County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Castillo
Memorandum Opinion by Justice Rodriguez

         This is a suit to recover homeowners insurance benefits for damage to a home.


 
Appellant, Jerry L. Barth, the homeowner, appeals from a summary judgment granted
in favor of appellees, Royal Insurance Company and Royal & SunAlliance Company
(collectively Royal).


 By four issues, Barth contends: (1) the judgment is not final; and
(2) the trial court erred by entering summary judgment against him because his claims
are not barred by release, by limitations, or by accord and satisfaction. We affirm.
I. Background
         As this is a memorandum opinion and because all issues of law presented by
this case are well settled and the parties are familiar with the facts, we will not recite
the law or the facts here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.II. Analysis
A. Finality of Judgment
         By his first issue, Barth complains that the trial court's summary judgment is not
final, and, therefore, we do not have jurisdiction over this appeal. See Lehmann v.
Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). A court of appeal reviews the
finality of a summary judgment under a de novo standard of review. Garcia v.
Comm'rs Court, 101 S.W.3d 778, 783-84 (Tex. App.–Corpus Christi 2003, no pet.).
         Barth complains that the judgment is not final because the trial court's order
does not contain a Mother Hubbard clause or other words of finality. He also contends
that additional facts included in his fourth and/or fifth amended petitions


 were not
addressed in Royal's first amended motion for summary judgment.
         However, the judgment unequivocally states:
Accordingly, it is also ORDERED, ADJUDGED, AND DECREED that
Plaintiff Jerry Barth ("Plaintiff") had no valid causes of action against
Royal.
 
IT IS FURTHER ORDERED that Plaintiff's suit against Royal is
hereby dismissed with prejudice and severed into a separate cause
number.

See Lehmann, 39 S.W.3d at 192-93 ("[A] judgment issued without a conventional trial
is final for purposes of appeal if and only if either it actually disposes of all claims and
parties then before the court, regardless of its language, or it states with unmistakable
clarity that it is a final judgment as to all claims and all parties."). Moreover, with
leave of court, Royal filed a supplemental response that addressed any new allegations
contained in Barth's fourth amended petition. Furthermore, although Barth's fifth
amended petition, filed after Royal supplemented its motion and before the final
judgment was entered in this case, expanded the factual allegations, it did not add
new causes of action. Royal had specifically asserted affirmative defenses of release,
limitations, and accord and satisfaction as summary judgment grounds for all of
Barth's claims. Therefore, the defenses raised in Royal's amended motion for
summary judgment and its supplement encompassed Barth's fifth amended petition
because the petition did not raise any new causes of action. See Larson v. Family
Violence & Sexual Assault Prevention Ctr., 64 S.W.3d 506, 510 n.2 (Tex.
App.–Corpus Christi 2001, pet. denied).
         Accordingly, we conclude the trial court's order provided a final appealable
judgment to this Court as it conclusively dismissed all of Barth's claims against which
Royal had asserted its affirmative defenses. Barth's first issue is overruled.
B. Affirmative Defenses
         By his second issue, Barth contends the trial court erroneously granted summary
judgment based on Royal's affirmative defenses of release, limitations, and accord and
satisfaction.
1. Release
         A release is an agreement or contract in which one party agrees that a legal
right or obligation owed by the other party is surrendered. Dresser Indus., Inc. v. Page
Petroleum, Inc., 853 S.W.2d 505, 508 (Tex. 1993). A release extinguishes a claim
or cause of action and is an absolute bar to any right of action on the released matter. 
Id. To release a claim effectively, the releasing instrument must "mention" the claim
to be released. Victoria Bank & Trust Co. v. Brady, 811 S.W.2d 931, 938 (Tex.
1991); see Keck, Mahin & Cate v. Nat'l Union Fire Ins. Co., 20 S.W.3d 692, 698
(Tex. 2000). Although releases generally contemplate claims existing at the time of
execution, a valid release may also encompass unknown claims and damages that
develop in the future. Keck, 20 S.W.3d at 698.
         Barth signed four release agreements on May 23, 1995. Each release provided
that "[i]t is understood and agreed that this Release applies not only to settlement of
my/our claim for payment under the above-mentioned policy but also all claims by
me/us relating to the handling by the Company of the aforementioned claim." Each
release also contained the following clause: "This Release contains the entire
agreement between us and the Company. Specifically no representations have been
made to me/us other than what are contained in this paper."
         Barth urges that Royal's releases do not preclude him from asserting his claims
for affirmative relief, including "claims for the failure to pay benefits under the policy
or for any obligations for claims based on extra-contractual liability, much less for
additional claims made pursuant to agreements made by its agent at and around the
time the instruments were signed." He contends the releases are limited in scope to
claims arising out of the plumbing leaks that caused damage to his home.
         We disagree with Barth's characterization of the release. The language in the
release is broad, encompassing not only the settlement of Barth's claim for payment
under the policy for damage caused by the water leaks, but also all claims by Barth
relating to the handling of the claim by the Company. The releases are not limited to
a specific type of claim resulting from the plumbing leaks, nor are they limited to
claims existing at the time the releases were executed. Therefore, we conclude that
the broad release is sufficient to foreclose all claims for damages related to the
plumbing leaks and all claims related to Royal's actions in handling the claims. The
trial court did not err in granting summary judgment on this ground.
2. Limitations
         A movant seeking summary judgment based on the statute of limitations must: 
(1) prove when the cause of action accrued; and (2) must negate the discovery rule
by proving as a matter of law that there is no genuine issue of fact about when the
plaintiff discovered or should have discovered the nature of the injury. Burns v.
Thomas, 786 S.W.2d 266, 267 (Tex. 1990); Jett v. Truck Ins. Exch., 952 S.W.2d
108, 109 (Tex. App.–Texarkana 1997, no writ).
         As a general rule, the applicable period of limitations for a claim made pursuant
to contract is four years from the date the cause of action accrues. See Tex. Civ.
Prac. & Rem. Code Ann. § 16.004 (Vernon 2002). However, parties to a transaction
may agree to the time in which a person must file suit, subject to section 16.070(a)
of the civil practices and remedies code which provides that a person may not agree
to a period shorter than two years. See id. § 16.070(a) (Vernon 1997); Jett, 952
S.W.2d at 109. In this case, paragraph eleven of Section 1–Conditions of the Texas
Homeowners Policy


 provides that an "[a]ction brought against [Royal] must be started
within two years and one day after the cause of action accrues." Texas courts have
held that "when a policy states that the limitation period begins to run when the
insured's cause of action accrues, the pivotal point in time is when liability is denied
by the insurer." See Jett, 951 S.W.2d at 111. Barth settled his claims with Royal on
May 23, 1995. If we construe the settlement as a denial of all other liability, Barth
must have filed suit on his contract claims within two years and one day of May 23,
1995, when he signed the releases. Barth did not file suit until January 15, 1999. 
Furthermore, if we were to determine that Royal denied coverage, and thus liability,
when it refused to reopen Barth's claim on July 28, 1996, at the latest, as testified
to by Barth at his deposition, Barth should have discovered the nature of the injury at
that time, and would have had to file suit on his contractual claims within two years
and one day of July 28, 1996.


 He did not.
         Barth's extra-contractual claims for alleged bad faith/breach of the duty of good
faith and fair dealing, negligence, breach of warranty, and violations of the insurance
code and the deceptive trade practices act are also time-barred. The statute of
limitations for each is two years. See Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a)
(Vernon 2002); Tex. Ins. Code Ann. art. 21.21 § 16(d) (Vernon Supp. 2004-2005);
Tex. Bus. & Com. Code Ann. § 17.565 (Vernon 2002). The summary judgment
evidence establishes the causes of action would have accrued at the latest on July 28,
1996, these causes of action are time-barred because Barth did not file suit until
January 15, 1999.
         Finally, Barth's alleged fraud and fraudulent inducement claims which are
subject to a four-year statute of limitations, are also time-barred. See Tex. Civ. Prac.
& Rem. Code Ann. § 16.004 (Vernon 2002). The fraud claim was filed on October 29,
2001, more than five years after the date the action could have accrued, and the
fraudulent inducement claim was filed on August 2, 2002. Moreover, causes of action
do not "relate back" under section 16.068 of the civil practice and remedies code
when the original causes of action asserted in the first pleading are barred by
limitations. See Tex. Civ. Prac. & Rem. Code Ann. § 16.068 (Vernon 1997); Cooke
v. Maxam Tool & Supply, Inc., 854 S.W.2d 136, 141 (Tex. App.–Houston [14th Dist.]
1993, writ denied) (two-prong test to determine whether amended pleading relates
back: (1) original cause of action asserted in first pleading must not have been time
barred when filed; and (2) pleading which changes facts or grounds of liability or
defense must not be wholly based on new, distinct or different transaction or
occurrence). Therefore, the doctrine of "relation back" does not apply to Barth's fraud
and fraudulent inducement claims because the causes of action alleged by Barth in his
original petition were subject to a plea of limitations on the date the petition was filed. 
         Thus, we conclude Royal has proven when the cause of action accrued and has
negated the discovery rule by proving as a matter of law that there is no genuine issue
of fact about when Barth should have discovered the nature of the injury. See Burns,
786 S.W.2d at 267. The trial court did not err in granting summary judgment on the
basis of limitations.
3. Accord and Satisfaction
         Barth also contends the trial court erred by holding his claims were barred by
accord and satisfaction. However, when the motion for summary judgment is based
on several different grounds and the order granting the motion is silent as to the
reason for granting the motion, as in this case, the appellant must show that each
independent ground alleged in the motion is insufficient to support summary judgment,
and the summary judgment must be affirmed if any of the theories are meritorious. 
See FM Props. Operating, Co. v. City of Austin, 22 S.W.3d 868, 872-73 (Tex. 2001). 
Because we have concluded the affirmative defenses of release and limitations are
sufficient to support the summary judgment, we need not address Barth's remaining
contention. 
         Therefore, taking as true all evidence favorable to Barth and indulging every
reasonable inference in his favor, Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1996)
(per curiam), under our de novo review, see Natividad v. Alexsis, Inc., 875 S.W.2d
695, 699 (Tex. 1994); Tex. Commerce Bank Rio Grande Valley v. Correa, 28 S.W.3d
723, 726 (Tex. App.–Corpus Christi 2000, pet. denied), we conclude Royal has
conclusively established its affirmative defenses of release and limitations. See
Velsicol Chem. Corp. v. Winograd, 956 S.W.2d 529, 530 (Tex. 1997) (per curiam);
Crain v. Smith, 22 S.W.3d 58, 59 (Tex. App.–Corpus Christi 2000, no pet.). The trial
court did not err in granting summary judgment in favor of Royal. Barth's second issue
is overruled.
III. Conclusion
         We affirm the judgment of the trial court.                                          

                                                                                 NELDA V. RODRIGUEZ
                                                                                 Justice

Dissenting Memorandum Opinion by Justice Castillo.

Memorandum Opinion delivered and 
filed this 16th day of December, 2004.