**Affirmed and Memorandum Opinion filed September 27, 2011.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-10-00496-CV

---

### TEXAS VALLA REAL ESTATE I, INC., Appellant

### V.

### THE CITY OF HOUSTON, Appellee

---

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2005-57959**

---

## M E M O R A N D U M   O P I N I O N

Texas Valla Real Estate I, Inc. ("Texas Valla") appeals a summary judgment in favor of the City of Houston, contending that the trial court erroneously concluded that Texas Valla's claims were barred by the statute of limitations. We affirm.

### Background

Texas Valla sued the City on September 8, 2005 over the payment of fees Texas Valla made to the City on October 5, 2001 for water bills associated with a 14 acre property located in Harris County. In its Original Petition, Texas Valla alleged that it

sold the property with improvements[1] to Glen Willow Apartments, Inc. in March 1999 and was given a promissory note and deed of trust to secure Glen Willow's debt. Texas Valla alleged that water bills relating to the property became delinquent during Glen Willow's ownership of the land. At an August 7, 2001 foreclosure sale, Texas Valla repurchased the land from Glen Willow pursuant to Texas Valla's deed of trust lien on the property. There were no excess proceeds from the sale to satisfy liens junior to the deed of trust lien.

On August 27, 2001, Texas Valla entered a purchase and sale agreement with Aldine Independent School District for the same property and improvements purchased at the foreclosure sale. Texas Valla alleged that the City "refused to release the liens and threatened to provide no water/service to the property until the alleged lien amounts, and costs associated therewith, in the total sum of $80,301.76 were paid." Texas Valla alleged that the liens were not valid after the foreclosure sale and the City refused to allow Texas Valla to "put the [$80,301.76] in escrow with the title company, in order to determine the entitlement to the funds through the legal system." Texas Valla stated that it involuntarily paid $80,301.76 for extinguished and invalid liens to the City on October 5, 2001 "under the duress of the financial devastation and hardship which would result to [Texas] Valla . . . and the refusal of [the City] to provide water/sewer service to the property unless the liens were paid."

Texas Valla sought a declaratory judgment that "certain liens purporting to be owned by [the City] and asserted against [Texas Valla's] real property . . . had been extinguished and were of no force and effect as valid liens against the said property . . . at the time [the City] insisted upon and received payment."

Under the heading "Unjust Enrichment," Texas Valla further claimed four means by which the City had been unjustly enriched by the October 5, 2001 payment of the lien: (1) "money paid in violation of statutes" which extinguished the lien under the circumstances of this case; (2) "duress" and the inapplicability of the voluntary payment

---

[1] The improvements were a group of buildings comprising an apartment complex named Stonebrook Apartments.

rule due to Texas Valla's expressed intention to litigate the lien issue; (3) "money paid"; and (4) "money had and received" by the City which was obtained "by duress and by unduly taking advantage [of Texas Valla]." Texas Valla sought to recover $80,301.76 in damages from the City and attorney's fees pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code.

After the City filed a general denial on September 29, 2005, and asserted governmental immunity, the case was abated on May 1, 2007 and later reinstated. Texas Valla filed a First Amended Petition on December 7, 2009, which contained Texas Valla's previous allegations of unjust enrichment and also included a claim for "recovery of payment of an extinguished/invalid lien, under duress." Texas Valla claimed such payment was made under "[b]usiness compulsion and economic duress . . . due to the severe financial hardship which would be caused by losing the sale [of the property to Aldine Independent School District]." Texas Valla sought $80,301.76 in damages; it no longer sought declaratory judgment relief and attorney's fees.

On February 11, 2010, the City filed a "Motion for Summary Judgment on Statute of Limitations," arguing that Texas Valla's claims for unjust enrichment are barred by a two-year statute of limitations. The City argued that Texas Valla's claims (1) are essentially claims for recoupment of an illegal fee; and (2) are properly characterized as claims for conversion of personal property and are not actions on a debt because there is no agreement between the parties. The City asserted that such claims also are barred by a two-year statute of limitations.

Texas Valla filed a Second Amended Original Petition on March 1, 2010. This petition contained the previously alleged claims for "unjust enrichment" and "recovery of payment of an extinguished/invalid lien, under duress," and additionally alleged that the City made a fraudulent claim against Texas Valla's real property in violation of Chapter 12 of the Texas Civil Practice and Remedies Code. Texas Valla claimed that the City knew its lien on the property had been extinguished by the foreclosure sale and was invalid; yet, the City "used the lien or claim with the intent to cause [Texas Valla] financial injury, and with full knowledge that enforcement of the lien would have that

3

effect and result."

Contemporaneous with the filing of the Second Amended Petition, Texas Valla filed a response to the City's summary judgment motion on March 1, 2010, contending that the City's motion failed as a matter of law because it was based on Texas Valla's outdated Original Petition when Texas Valla had filed a First Amended Petition. Texas Valla also argued that it filed its Second Amended Petition in which it alleged "three distinct causes of action": (1) recovery of payment of an extinguished/invalid lien, which was paid under duress; (2) unjust enrichment; and (3) a newly pled "fraudulent claim against real property in violation of Chapter 12 of the Texas Civil Practice and Remedies Code."

Texas Valla also argued that a four-year statute of limitations applied to the Chapter 12 claim. It asserted that the newly pled "cause of action relating to the violation of Chapter 12 of the Texas Civil Practice and Remedies Code arose out of the same transaction or occurrence as those originally pled by [Texas Valla]." According to Texas Valla, this newly pled cause of action related back to the timely filed Original Petition and is not time-barred by the statute of limitations.

The City filed an "Amended Motion for Final Summary Judgment on all [of Texas Valla]'s Claims" on March 17, 2010. The City contended that all of the claims Texas Valla asserted in its Original Petition were time-barred and stated:

> Not only has [Texas Valla] chosen to categorize all of its claims as falling under the rubric of 'Unjust Enrichment,' to which the two-year [statute of limitations] applies, but, unsurprisingly, all of the other claims listed under that heading also clearly require application of the two-year statute of limitations: (1) 'money paid in violation of statute' (2) 'duress' (3) 'money paid' and (4) 'money had and received.'

According to the City, summary judgment was warranted because all of Texas Valla's unjust enrichment claims pled in the Original Petition were time-barred by the applicable two-year statute of limitations. Therefore, Texas Valla's newly pled Chapter 12 claim cannot relate back to a time-barred original claim. The City further argued that, "to the

4

extent that [Texas Valla]'s claim for 'recovery of payment of an extinguished/invalid lien under duress' is independent of the originally alleged claims under the Unjust Enrichment heading, it too does not relate back, and even if it did, is subject to the two-year statute of limitations and is barred."

Texas Valla responded to the City's amended summary judgment motion on March 30, 2010, contending that it alleged three different causes of action in its Second Amended Petition. It conceded that "its unjust enrichment claims were time barred when the original petition was filed." Picking up on the statement in the City's amended summary judgment motion that "the claim of recovery of payment of an extinguished/invalid lien under duress is 'identical to the claim for duress made in the Original Petition,'" Texas Valla argued for the first time that its claim for "recovery of an illegal/invalid fee paid under duress is a separate and distinct cause of action from unjust enrichment." According to Texas Valla, the residual four-year statute should apply to that claim.

Texas Valla also argued that the newly pled cause of action for violations of Chapter 12 relates back because it "arose out of the same transaction or occurrence as those originally pled by [Texas Valla]" and "[t]o the extent that [the trial court] rules that payment of an illegal/invalid fee, under duress, is (1) a separate and distinct cause of action and (2) the four[-]year statute of limitations applies to the payment of illegal fee claim, then the original petition was timely filed and the [newly pled claim] properly relate[s] back and [is] similarly not barred."

On April 6, 2010, the City filed a "Reply in Further Support of Motion for Summary Judgment on All [Texas Valla's] Claims," contending that regardless of whether the claim for recovery of payment of an extinguished/invalid lien paid under duress was identical to Texas Valla's duress argument under the "Unjust Enrichment" heading, the claim is "in the nature of conversion of personal property to which the two-year limitations period applies, and so the residual four-year statute cannot possibly apply."

5

The trial court granted the City's motion for summary judgment on statute of limitations grounds on May 3, 2010. Texas Valla timely filed a notice of appeal on June 1, 2010.

## Standard of Review

We review the trial court's summary judgment *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). A traditional summary judgment may be granted if the motion and summary judgment evidence establish there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999); *see* Tex. R. Civ. P. 94 (statute of limitations is affirmative defense). If the movant establishes that the statute of limitations bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *KPMG Peat Marwick*, 988 S.W.2d at 748. In reviewing a traditional summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the movant. *Yancy v. United Surgical Partners Int'l, Inc.*, 236 S.W.3d 778, 782 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 824-25 (Tex. 2005).

## Analysis

In its sole issue on appeal, Texas Valla contends that the trial court erred by granting the City's summary judgment motion based on statute of limitations because (1) Texas Valla's "cause of action for recovery of an extinguished/invalid lien, paid under duress should not be barred by a two year statute of limitations;" (2) Texas Valla's claim alleging violations of Chapter 12 of the Texas Civil Practice and Remedies Code is not

6

barred by a two-year statute of limitations; and (3) the City failed to meet its burden of proof on the affirmative defense of statute of limitations. We will address each of Texas Valla's contentions in turn.

### 1. Recovery of an Extinguished/Invalid Lien Paid under Duress

We first address Texas Valla's argument that the trial court erroneously granted the City's summary judgment motion based on the City's statute of limitations defense because Texas Valla's "cause of action for recovery of an extinguished/invalid lien, paid under duress should not be barred by a two year statute of limitations."

In the trial court, Texas Valla alleged four means — one of which was "duress" — by which the City had been unjustly enriched by Texas Valla's October 5, 2001 payment of the lien. Texas Valla amended its pleadings on December 7, 2009 to add a claim for "recovery of payment of an extinguished/invalid lien, under duress," and on March 1, 2010 it added a claim for violation of Chapter 12. While maintaining that it only pled three claims — unjust enrichment, recovery of payment of an extinguished/invalid lien, paid under duress, and violations of Chapter 12 — Texas Valla also argued in its response to the City's amended summary judgment motion that "the claim of recovery of payment of an extinguished/invalid lien under duress is 'identical to the claim for duress made in the Original Petition.'" Texas Valla argued that the claim for "recovery of an illegal/invalid fee paid under duress is a separate and distinct cause of action from unjust enrichment" to which the residual four-year statute of limitations should apply and not the two-year statute of limitations applicable to unjust enrichment claims. Texas Valla conceded in the trial court that "its unjust enrichment claims were time[-]barred when the original petition original petition was filed."

On appeal, Texas Valla makes the same argument it made in the trial court and cites three cases to support its contention that "the claim of recovery of payment of an extinguished/invalid lien under duress is 'identical to the claim for duress made in the Original Petition.' The claim for payment of a[n] illegal or invalid fee, under duress, is a distinct and independent cause of action" from Texas Valla's unjust enrichment claim.

7

As support, Texas Valla cites *Crow v. City of Corpus Christi*, 209 S.W.2d 922 (Tex. 1948); *Austin National Bank v. Sheppard*, 71 S.W.2d 242 (Tex. 1934); and *Saturn Capital Corp. v. City of Houston*, 246 S.W.3d 242 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

We assume for argument's sake that the duress argument Texas Valla made under its unjust enrichment claim is not encompassed within the unjust enrichment claim, but instead is a separate claim that is identical to the later pled claim for recovery of payment of an extinguished/invalid lien paid under duress. Even with this assumption, Texas Valla's authorities do not support a contention that the claim for recovery of payment of an extinguished/invalid lien paid under duress is governed by a four-year residual statute of limitations.

A claim to recover illegal or invalid fees or taxes paid under duress is governed by a two-year statute of limitations applicable to suits for the taking of personal property. *See Lowenberg v. City of Dallas*, 168 S.W.3d 800, 801 (Tex. 2005) (citing *Lubbock Cnty. v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 584 (Tex. 2002), and Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a)); *Dallas Cnty. Cmty. College Dist. v. Bolton*, 89 S.W.3d 707, 721 (Tex. App.—Dallas 2002) (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp. 2002) and *Bowles v. Clipp*, 920 S.W.2d 752, 760 (Tex. App.—Dallas 1996, writ denied)), *rev'd on other grounds*, 185 S.W.3d 868 (Tex. 2005). The claim accrues at the time the payment of the fee or tax is made "because that is when the injury occurs." *See Lowenberg*, 168 S.W.3d at 801.

Texas Valla paid the City $80,301.76 on October 5, 2001; it filed suit against the City on September 8, 2005 to recover the amount paid. Because a claim for recovery of payment of an extinguished/invalid lien paid under duress is governed by a two-year statute of limitations, Texas Valla's claim to recover the payment of the lien already was time-barred when Texas Valla filed its Original Petition. Therefore, we conclude that the trial court did not err by granting the City's summary judgment motion based on statute of limitations on Texas Valla's claim for recovery of payment of an extinguished/invalid

8

lien paid under duress. Accordingly, we overrule Texas Valla's issue in that respect.

### 2.      Violation of Chapter 12 of the Texas Civil Practice and Remedies Code

We next address Texas Valla's assertion that the trial court erred by granting summary judgment in favor of the City because Texas Valla's Chapter 12 claim is governed by a four-year limitations period and it relates back to the timely filed Original Petition. Texas Valla argues that "[t]o the extent that this court rules that payment of an illegal/invalid fee, under duress, is (1) a separate and distinct cause of action and (2) the four year statute of limitations applies to the payment of [an] illegal fee claim, then the original petition was timely filed and the Chapter 12 claims properly relate back and are similarly not barred."

Texas Civil Practice and Remedies Code Section 16.068 provides that "[i]f a filed pleading relates to a cause of action . . . that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence." Tex. Civ. Prac. & Rem. Code Ann. § 16.068 (Vernon 2008).

A two-pronged test determines whether an amended pleading relates back to an earlier pleading. *Cooke v. Maxam Tool & Supply, Inc.*, 854 S.W.2d 136, 141 (Tex. App.—Houston [14th Dist.] 1993, writ denied). First, the original cause of action asserted in the first pleading must not have been time-barred when filed. *Id.* Second, the amended pleading that changes the facts or grounds of liability or defense must not be wholly based on a new, distinct or different transaction or occurrence. *Id.* "Therefore, before a party can make use of § 16.068, the pleading that it wants to relate back to must not be subject to a plea of limitations." *Id.*

Because we have concluded that Texas Valla's claim for payment of an illegal/invalid fee paid under duress is governed by a two-year statute of limitations and was time-barred when Texas Valla sued the City, Texas Valla's claim for violation of

Chapter 12 also is time-barred. Therefore, we conclude that the trial court did not err by granting the City's summary judgment motion based on statute of limitations on Texas Valla's claim for violation of Chapter 12. Accordingly, we overrule Texas Valla's issue in that respect.

### 3. Burden of Proof on Statute of Limitations Defense

Texas Valla argues that the City had the burden of conclusively proving its statute of limitations defense and that "[b]ased upon the above argument and authorities, [the City] has not met its burden of proof to establish that all of [Texas Valla]'s claims and cause[s] of action were barred by the statute of limitations."

According to Texas Valla, it only "alleged three distinct causes of action" — unjust enrichment, recovery for payment of an extinguished/invalid lien paid under duress, and violation of Chapter 12. We already have concluded that the trial court did not err by granting summary judgment based on statute of limitations in favor of the City on Texas Valla's claims for recovery of payment of an extinguished/invalid lien paid under duress and violation of Chapter 12. Further, Texas Valla conceded in the trial court and on appeal that its unjust enrichment claim was untimely filed. Therefore, Texas Valla's argument is without merit, and we overrule it.

We overrule Texas Valla's issue on appeal.

### Conclusion

Having overruled Texas Valla's sole issue, we affirm the judgment of the trial court.

/s/    William J. Boyce
Justice

Panel consists of Chief Justice Hedges and Justices Seymore and Boyce.

10